PEOPLE, for the Use, etc., *v.* BOYLAN and others.

*(Circuit Court, D. Colorado.* December 4, 1885.)

ATTACHMENT—ACTION ON ADMINISTRATOR'S BOND—CODE COLO. § 95, SUBD. 14.
   A suit on an administrator's bond is not a suit on a written instrument or writing for the direct payment of money, and a writ of attachment in aid of such suit cannot be allowed under subdivision 14 of section 95 of the Code of Colorado regulating attachments.

At Law.

*J. N. Baxter* and *F. M. Hardenbrook,* for plaintiffs.

*M. B. Carpenter* and *H. Riddell,* for defendants.

HALLETT, J. Section 152 of the act relating to wills (Gen. St. 1058) provides that bonds of administrators "may be put in suit and prosecuted against all or any one or more of the obligors named therein, in the name of the people of the state of Colorado, for the use of any person or persons who may have been injured by reason of the neglect or improper conduct of any such executor or administrator as aforesaid; and such bond shall not become void on the recovery thereon, but may be sued upon from time to time until the whole penalty shall be recovered." Pursuant to that section this action is brought on the bond of Thomas Boylan, as administrator of the estate of Martha Boylan, deceased, to recover the sum of $1,087.13, alleged to be due from that estate to Levi M. Bates and others. The bond is in the usual form, with conditions as follows:

"The condition of the above obligation is such that if the said Thomas Boylan, administrator of all and singular the goods and chattels, rights and credits of Martha Boylan, deceased, do make, or cause to be made, a true and perfect inventory of all and singular the goods and chattels, rights and credits of the said deceased, which shall come to the hands, possession, or knowledge of him, the said Thomas Boylan, as such administrator, or to the hands of any person or persons for him, and the same so made do exhibit or cause to be exhibited in the county court in probate, for the said county of Summit, agreeably to law, and such goods and chattels, rights and credits do well and truly administer according to law, and all the rest of the said goods and chattels, rights and credits which shall be found remaining upon the accounts of the administrator, the same being first examined and allowed by the county court, shall deliver and pay unto such person or persons, respectively, as may be legally entitled thereto; and, further, do make a just and true account of all his actings and doings therein when thereunto required by the said court; and if it shall hereafter appear that any last will and testament was made by the deceased, and the same be proved in court, and letters testamentary or of administration be obtained thereon, and the said Thomas Boylan do, in such case, on being required thereto, render and deliver up the letters of administration granted to him as aforesaid, and shall, in general, do and perform all other acts which may at any time be required of him by law,—then this obligation to be void, otherwise to remain in full force and virtue."

Alleging that the suit was brought on an instrument in writing for the direct payment of money, plaintiffs procured a writ of attachment in aid of the suit under the fourteenth subdivision of section

95 of the Code regulating attachments. That clause is, that "in all actions brought upon overdue promissory notes, bills of exchange, other written instruments for the direct payment of money, and upon book-accounts, the creditor may have a writ of attachment issue upon complying with the provisions of this section." And upon the issue now made the question is, whether an administrator's bond is a "written instrument for the direct payment of money" within the meaning of the act.

Looking only to the penalty of the bond, it certainly is an instrument for the payment of money, but when we come to the condition, which is usually regarded as the substantial part, there is no provision for paying any sum to any one. The bond may be a security for the payment of money, as where goods of the estate have come to the hands of the administrator, and money has been obtained therefrom, and the county court has distributed the fund. But that is in the due administration of the estate for which the bond is a security, and not because of any express provision of the instrument. And certainly the bond is not in any way similar to the instruments mentioned in the statute.

In respect to the manner of payment, promissory notes and bills of exchange are distinguishable from many other contracts in that they are for a definite sum of money, payable absolutely at a specified time. Upon the principal *nosciter a socies*, the "other instrument" mentioned in the statute should be of the class of promissory notes and bills of exchange in respect to the quality of direct payment. Inasmuch as the word "overdue" in the statute is applicable to the "other instruments" as well as to promissory notes and bills of exchange, such instruments must be of a character to become overdue, and an instrument of that character must be for a fixed sum payable absolutely at a time specified. In this feature our statute differs from the statute of California, which gives the writ of attachment "upon a contract, express or implied, for the direct payment of money." In that statute no contracts are mentioned as falling within the description of contracts "for the direct payment of money," and nothing is found as to overdue contracts. It cannot, therefore, be said that decisions of the supreme court of that state upon the statute of that state ought to control here. It is to be observed, also, that in the only case cited from that state in which the question was discussed the views expressed were not altogether satisfactory to the court. *Hathaway* v. *Davis*, 33 Cal. 161. And the opinion will hardly be more convincing to the profession than it was to the court. The word "direct" is of large use in the language, and it has been adopted into the law in many relations. We have direct descent, direct taxes, direct interest, direct route, and so on, until we have come now to direct payment. Any effort to assimilate its meaning in all the places and connections in which it may be placed must fail for obvious reasons. One meaning of the word, as given in Webster's Dictionary, is immediate, ex-

press, unambiguous, confessed, absolute. In my judgment this is clearly the sense in which it is applied to payments. A direct payment is one which is absolute and unconditional as to time, amount, and the persons by whom and to whom it is to be made. And a written instrument which provides for such payment is one which expresses those terms fully. It is needless to point out the difference between such an instrument and an administrator's bond. The attachment will be dissolved, and the property seized discharged.