## HURD v. MCCLELLAN ET AL.

1. CONSTRUCTION OF STATUTES AND CONTRACTS — APPLICATION THERETO OF THE PRINCIPLE OF NOSCITUR A SOCIIS (Civil Code, 1883, § 95, subd. 14).— The code provision that "in all actions brought upon overdue promissory notes, bills of exchange, other instruments for the direct payment of money, and upon book-accounts, the creditor may have a writ of attachment issue upon complying with the provisions of this section " (Civil Code, 1883, § 95, subd. 14), in so far as it relates to written contracts is to be limited to contracts of the nature of those specified therein.

2. A WRIT OF ATTACHMENT MAY NOT ISSUE UPON AN APPEAL BOND.— An appeal bond conditioned that if the defendant shall duly prosecute his appeal and pay the judgment if the same shall be affirmed, then the obligation shall be void, otherwise it shall remain in full force, is not a written instrument for the direct payment of money, and will not sustain an attachment.

*Appeal from District Court of Arapahoe County.*

Mr. W. T. HUGHES, for appellant.

Mr. R. S. MORRISON, for appellees.

PATTISON, C.   It appears from the abstract of record and arguments in this case that on April 27, 1885, appellant recovered a judgment against Job C. McClellan, one of the appellees, for the sum of $4,437 and costs.   From this judgment an appeal was taken and an appeal bond filed, with the other appellees as sureties, which contained the following condition: "Now, if the said Job C. McClellan shall duly prosecute said appeal, and, moreover, pay the amount of said judgment, costs, interests and damages, rendered and to be rendered against said Job C. McClellan, in case the said judgment shall be affirmed by the said supreme court, then the above obligation to be null and void, otherwise to remain in full force and virtue."

On April 9, 1886, the appeal was dismissed for failure to file transcript, etc.   Thereupon this action was brought upon the appeal bond, and an attachment issued.   Motion

was made to quash the writ because "(1) no attachment lies upon an appeal bond; (2) an appeal bond is not a written instrument requiring the direct payment of money."

The court sustained the motion and dissolved the attachment. From this order this appeal was taken.

The sole question to be determined by this court is whether an appeal bond containing the condition above recited is a written instrument for the direct payment of money, within the meaning of subdivision 14 of section 95 of the Code of Civil Procedure.

Appellant contends that the provision cited was borrowed from California, and the supreme court of the state has decided an attachment will issue in aid of a suit brought upon an appeal bond. He invokes the principle that whenever a statute is adopted from another state the construction given to that statute by the courts of that state is also adopted. The principle is correct as a general rule (*Stebbins v. Anthony*, 5 Colo. 348); but the premises upon which appellant predicates his proposition are erroneous. The fourteenth subdivision of section 95 of the code was enacted in 1881 as an amendment to the original statute. It created a new substantive cause for attachment. It reads as follows: "In all actions brought upon overdue promissory notes, bills of exchange, other written instruments for the direct payment of money, and upon book-accounts, the creditor may have a writ of attachment issued upon complying with the provisions of this section."

The provision of the California code to which reference is made reads as follows: "In an action upon a contract, express or implied, for the direct payment of money, where the contract is made or is payable in this state," etc. Harst. Pr. § 538.

The language of the two sections is in no sense similar. This provision cannot be said to have been adopted from California. The question of construction, therefore, is an original one.

The meaning of the words "other written instruments for the direct payment of money" should be construed in connection with the context. Other instruments are specifically mentioned. It is clear that the statute was intended to apply to instruments of the nature of those specially mentioned. Such instruments are overdue promissory notes and bills of exchange. These are, manifestly, instruments for the direct payment of money. The payment provided for is absolute and unconditional. In other words, it is direct. In this case the obligation assumed by the sureties was not direct, but collateral. They could be charged only upon failure of the principal to pay. If he failed to pay the judgment appealed from, if affirmed by this court, then there would be a breach of the condition of the bond upon which a cause of action might be predicated.

Commenting upon this section in the case of *People v. Boylan*, 25 Fed. Rep. 594, Hallett, J., says: "In respect to the manner of payment, promissory notes and bills of exchange are distinguishable from many other contracts in that they are for a definite sum of money, payable absolutely at a specified time. Upon the principle *noscitur a sociis*, the 'other instrument' mentioned in the statute should be of the class of promissory notes and bills of exchange, in respect to the quality of direct payment. Inasmuch as the word 'overdue' in the statute is applicable to the other instruments as well as to promissory notes and bills of exchange, such instruments must be of a character to become overdue, and an instrument of that character must be for a fixed sum, payable absolutely at a time specified." That action was brought upon an administrator's bond, and it was expressly held that such bond was not an instrument in writing for the direct payment of money. It is true that the condition of an administrator's bond is not the same as that of an appeal bond, yet the reasoning of Judge Hallett in the case cited is clearly applicable to this case.

Appellant relies principally on the case of *Hathaway v. Davis*, 33 Cal. 162. By a divided court it was held that "an undertaking on appeal is an express contract for the direct payment of money, in the sense of the statute in relation to attachments." The opinion of the majority. of the court is vague and unsatisfactory. In a dissenting opinion, Sawyer, J., uses the following language: "This appears to me to be an undertaking that another party shall pay, and not that the party himself will pay. There is no promise that the defendants themselves will pay any money at all, and consequently no contract on their part for the direct payment of money. On a failure of the appellants in the suit to pay in accordance with the terms of the undertaking, there is a breach, it is true, and the party to the undertaking is liable for damages for the breach. But the liability is strictly for damages, and not on his own contract that he himself will pay money. For these reasons, I think there was no contract, express or implied, on the part of the defendant for the direct payment of money, within the meaning of the attachment law, and that an attachment is unauthorized."

This reasoning is clear and convincing, and clearly applicable to the case at bar. The order of the court dissolving the attachment was correct. The order is affirmed.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial in the court below, did not participate in this decision.