CLARENCE B. WARDLE, RECEIVER OF THE HOME MUTUAL FIRE INSURANCE COMPANY OF IONIA, CLINTON, AND MONTCALM COUNTIES, v. JOSEPH L. HUDSON.

*Mutual fire insurance companies—Appointment of receiver—Action to recover assessment—Statute of limitations.*

1. An action of *assumpsit* brought by the receiver of a mutual fire insurance company under section 17 of Act No. 82, Laws of 1873 (How. Stat. § 4263), to recover an assessment made by him as receiver, is barred by the statute of limitations unless commenced within six years next after the assessment is due and payable.

2. The following propositions are summarized from the opinion of Mr. Justice LONG:

   *a*—"Specialty by statute" means some right or cause of action given by statute which does not exist at common law, and the nature or cause of action does not depend in such a case, in any degree, upon any contract relation.

   *b*—Members of a mutual fire insurance company, if liable at all for assessments made by a receiver under Act No. 82, Laws of 1873, can be made so only by the contract existing between them and the corporation, which contract is evidenced by the application and the policy.

   *c*—The statute of limitation does not begin to run on a deposit note given by a member of a mutual fire insurance company, whereby he agrees to pay a sum certain, or any part thereof, when

[1] For cases construing various provisions of the act cited, see *Insurance Co. v. Spaulding*, 61 Mich. 77; *Tolford v. Church*, 66 Id. 431; *Bacon v. Clyne*, 70 Id. 183; *Wardle v. Townsend*, 75 Id. 385; *Wardle v. Cummings*, 86 Id. 395.

required, and which, by its terms, is part of the absolute funds of the company, until an assessment is laid.

*d*—Any defense which a member might make against an action brought by the company to recover an assessment made by the board of directors is equally available in an action by the receiver, upon whom the statute merely confers the authority to levy and collect such assessment.

Error to Ionia. (Smith, J.) Argued June 7, 1893. Decided July 25, 1893.

*Assumpsit.* Defendant brings error. Reversed, and judgment entered for defendant for the costs of both courts. The facts are stated in the opinion.

*Clute & Clute,* for appellant.

*Clarence B. Wardle (George E. Nichols,* of counsel), for plaintiff.

Long, J. The plaintiff company, of which Mr. Wardle is receiver, organized and began doing business in 1879 by virtue of Act No. 82, Laws of 1873, and the amendments thereto. From its organization up to 1884, its membership grew to about 2,000, at which time the company became insolvent, and failed to collect assessments from many of its members. The insolvency becoming apparent, the Commissioner of Insurance of the State served upon the officers of the company a notice to close up its affairs unless, within 60 days, they collected assessments and paid up its losses and debts. The company failed to do this, and upon petition of the commissioner the plaintiff in this suit was appointed receiver by an order of the court. The receiver found that the indebtedness amounted to about $22,000, and he proceeded to assess upon all members a sum sufficient to pay the debts and liabilities. Two policies had been issued to the defendant,—one September 24, 1880, and the other September 1, 1882,—in the usual form of

96 Mich.—28.

the policies issued to members. The receiver assessed against the defendant, upon those policies held by him, the sum of $33.80. This assessment was made May 25, 1885, in accordance with the order of the court, under section 17 of the act under which the company was organized. The total amount of assessments made was $50,000, the amount assessed against each member being in proportion to the amount of the insurance or interest of each member. This assessment became due and payable to the receiver from the defendant on July 15, 1885. The defendant has been a resident of the State during all the intervening years up to the present time. This assessment not having been paid by the defendant, this action in *assumpsit* was commenced on February 24, 1892, to recover the same. Defendant pleaded the statute of limitations. The court below found the above facts, but held that the action was not barred by the statute of limitations, and gave judgment in favor of the plaintiff. Defendant brings error.

The only question raised in this Court is whether the action is barred by the statute of limitations. Section 17 of the act provides that the receiver may sue in *assumpsit* to recover the moneys so assessed. It is admitted that these moneys became due and payable July 15, 1885,— more than six years before the action for their recovery was commenced. Defendant insists that the case is governed by section 8713, How. Stat., which provides that "all actions of *assumpsit* or upon the case, founded upon any contract or liability, express or implied," must be brought within six years next after the cause of action shall accrue, and not afterwards; and that the obligation of the defendant to pay grows out of the contract relations between the parties, and hence falls within the terms of this section.

It is contended, however, by plaintiff's counsel that, for several reasons, the statute does not run against this claim. The first is that, when the commissioner determined to wind up the affairs of the company, he began suit in the circuit court for Ionia county under sections 9, 15, and 17 of the act of 1873, and upon filing the petition, as required by section 17, plaintiff was appointed receiver, and made the assessment as required by the act; that this was the first step in the suit; that, the assessment not having been paid, the bringing of the present action is but the second step in the same proceeding. This claim has no force. If the amount became due and payable to the receiver on July 15, 1885, the action was barred before this suit was commenced, unless, for some other reason, such claims are brought out of the statute.

It is contended, however, that there was no privity of contract between the receiver and the defendant, either express or implied, and that the only basis of liability is created by the statute under which the proceedings are being had to wind up the affairs of the company, and under which the receiver was appointed, and that the claim, therefore, is nothing more or less than a specialty by statute; hence that the statute of limitations has no application, as that statute can apply only to cases where there is a privity of contract between the parties to the action, and no other. "Specialty by statute" means some right or cause of action given by statute which does not exist at common law. In such cases the nature or cause of action does not depend, in any degree, upon any contract relation. There is no original obligation whatever created by the act of the parties. In the present case, the defendant, if liable at all, could be made so only by the contract existing between him and the insurance company. The evidence of this contract is the application and the policy. Section 1 of the by-laws of the company declares

that the application shall be made a part of the contract of insurance, and be considered a warranty.  The statute confers on the receiver merely the authority to levy and collect the assessment, which, without this authority, rests with the board of directors.  Any defense which a party might have made against an action brought by the original party is equally available, and may be made with like effect, when the action is instituted by the receiver.  High, Rec. § 205; *Railroad Co. v. Railroad Co.*, 46 Vt. 792; *Bangs v. Duckinfield*, 18 N. Y. 597.  The .rule seems to be well settled that the statute of limitations does not begin to run on a deposit note given by a member of a mutual insurance company, whereby he agrees to pay a sum certain, or any part thereof, when required, and which, by its terms, is part of the absolute funds of the company, until an assessment is laid.  *Bigelow v. Libby*, 117 Mass. 359; *In re Insurance Co.*, 10 R. I. 42.  In the present case, the assessment had been made more than six years prior to suit brought.  If this had been made by the board of directors, no question could have been raised but that any action would be barred.  The receiver stands in no better position.  The case of *Smith v. Bell*, 107 Penn. St. 352, is quite similar in principle to this.  It was held that the action for the assessment could be brought at any time within six years, as the statute of limitations commenced to run at the date of the assessment.

The court below was in error in holding that the action was not barred.

Judgment below must be reversed, and judgment entered here for defendant for costs of both courts.

The other Justices concurred.