### MILLS, SPELLMIRE & CO. v. GEORGE T. WHITMORE, TRUSTEE.

**1. SIX YEARS STATUTE RUNS AGAINST INSURANCE.**

Section 4981, Rev. Stat., providing a six years' limitation, runs against an assess ment for losses sustained by an insurance company, and begins to run at the time demand is made.

**2. RUNNING OF STATUTE NOT INTERRUPTED, WHEN.**

An order by the Supreme Court fixing the classes of policy holders and the assessment against each class, "subject to any defense which any individual member may have to show that he is not liable," is available in an action by the receiver, and the running of the statute of limitations is not interrupted by the action of the Supreme Court.

HEARD ON ERROR.

*Burch & Johnson,* for plaintiffs in error.

*P. A. Reece,* for defendant in error, cited :

Sections 3650 and 3686, Rev. Stat.; Eversmann v. Schmitt, 53 Ohio St. 174, 187 [41 N. E. Rep. 139; 29 L. R. A. 184; 53 Am. St. Rep. 632]; Davis, Rec'r, v. Sharp, 2 Dec. (Re.) 197; Galvin v. Albers, 9 Dec. 279, 281; Mansfield v. Woods, 11 Dec. (Re.) 761; Wadsworth v. Davis 13 Ohio St. 123; 131 Bangs v. Gray, 12 N. Y. 477; Doane v. Insurance Co. 11 Atl. Rep. 739, 742; Sanger v. Upton, 91 U. S. 56, 59; Glenn v. Liggett, 135 U. S. 533, 549 [10 S. Ct. Rep. 867, 873]; Crawford v. Insurance Co., 12 Atl. Rep. 844 (Pa.).

PER CURIAM.

It appears from the record in these cases that the company by reso- lution passed by its board of directors on November 2, 1891, levied an assessment against these plaintiffs in error for the losses covered by the assessment made in the order of the Supreme Court, and for the recov- ery of which these actions were brought in the court below.

It further appears that the plaintiffs in error had notice of this assessment made by the board of directors, and that demand of payment was made of each of them respectively.

The order of the Supreme Court, after fixing the classes of policy holders subject to assessment and fixing the assessment on each class, concludes, "subject to any defense which any individual member may have to show that he is not liable."

We are of opinion that Sec. 4981, Rev. Stat., providing six years limitation, is applicable, and that the statute began to run on or about November 2, 1891, at the time that demand was made upon each of the plaintiffs in error.

We are further of opinion that irrespective of this provision, the order of the Supreme Court that any defense which a member might make against an action brought by the company to recover an assessment made by the board of directors is equally available in an action by the receiver who is clothed merely with authority to collect assessments.

The statute of limitations having begun to run, its running is not interrupted by the action of the Supreme Court. Wardle v. Hudson, 55 N. W. Rep. 992 [96 Mich. 432].

We therefore conclude that at the time these actions were brought in the court below they were barred by the statute of limitations.

The judgments will all be reversed.