A. C. & H. B. NELSON ET AL., Appellees, v. THE FARM PROPERTY MUTUAL INSURANCE ASS'N OF IOWA, Appellant.

Mutual fire insurance: CANCELLATION OF POLICY: SUBSEQUENT ASSESSMENTS. Where the by-laws of a mutual fire insurance association provided that a delinquency of sixty days in payment of assessments should work a suspension of the insurance, and that a withdrawal from the association might be effected by a return of the policy and payment of the amount due the company, the payment of an assessment delinquent for more than sixty days and return of the policy marked "cancelled," both of which the association accepted and retained, amounted to a cancellation and surrender of the policy, and the assured was not thereafter liable for assessments.

**Estoppel.** A member of a mutual insurance association cannot claim exemption from liability for assessments because of his own misrepresentation as to title, nor because subsequent to the insurance he encumbered the property in violation of the policy.

*Appeal from Mahaska District Court.*— Hon. Byron W. Preston, Judge.

Monday, June 12, 1905.

Suit in equity to enjoin the enforcement of certain assessments made by the defendant association, to annul and cancel a policy of insurance, to declare that plaintiffs are not members of the defendant association, and for other equitable relief. The trial court granted the relief prayed, and defendant appeals.— *Affirmed.*

*Wambach & Jordon,* for appellant.

*Liston McMillan,* for appellees.

Deemer, J.— April 29, 1902, defendant executed a policy of insurance or certificate of membership to A. C. and H. B. Nelson, covering a certain dwelling house and barn in Mahaska county, Iowa. This was issued on the application of the insured, in which they represented that they were the owners of the property, which was incumbered to the extent of $1,000. The petition alleges that this policy or certificate was avoided for the following reasons: (1) Because the insured did not own the property when the policy was issued; (2) because they did not sign an agreement to comply with the articles of incorporation and by-laws of the association, and did not pay the survey fee required thereby; (3) because a subsequent incumbrance was placed upon the property without the assent of the insurer; (4) because the insured failed to pay assessments as required by the articles and by-laws of the defendant association; (5) because of an agreed cancellation of the policy or certificate; and (6) be-

cause of an estoppel on the part of the defendant to claim that plaintiffs are members of the defendant association. A general demurrer was filed by defendant to this petition, which was overruled, and, defendant electing to stand thereon, a decree was entered against it as prayed. The appeal is from the ruling on the demurrer.

The policy or certificate of membership, the articles of incorporation, and by-laws of the defendant association, so far as applicable to the case, are attached to the petition, and from these we learn that defendant is a mutual insurance association organized under chapter five of title nine of the Code for the purpose of insuring its members against loss or damage by fire, etc. ; that the members consist of the policy holders, who become such as follows, to-wit:

Article VI.— Membership. Any person or company may become a member of this association by signing an application for insurance made in conformity with, and containing an agreement to comply with the articles of incorporation and the by-laws of this association, then or at any time thereafter adopted, altered or amended; and paying a policy fee of two dollars, and a survey fee of one mill per dollar of insurance.

The application which is made a part of the policy or certificate, provides that:

I agree to pay all the assessments at any time due promptly at the office of the company in Des Moines, Iowa. I further agree to be governed by the articles of incorporation and the rules now in force or hereafter made by the association, and to pay all assessments made on me by the association in accordance with its rules.

The articles and by-laws also contain the following with reference to assessments:

Each member of this association, and the real and personal property owned by him, shall be liable for his proportionate share of the assessments levied by the association, but in no case shall he be liable for more than a just assessment proportionate to the amount of his insurance.

Article 11 of the by-laws authorizes the board of directors or executive committee to determine the date and amount of the assessment, and provides that:

The secretary shall promptly advise each member of the fact and amount of his assessment. It shall be the duty of each member, upon receipt of this notice, at once to pay to the secretary at his office in Des Moines the amount of his assessment. Upon failure of the member to do so within thirty days he shall be subject to a penalty of 25 cents on his assessment; and upon failure to do so within sixty days he shall be subject to an additional penalty of 25 cents, notice of both of which shall be mailed to the member by the secretary. Delinquency of sixty days in payment of an assessment shall work suspension of insurance until full payment with costs is made, but such suspension shall in no way affect the obligation of the member to pay such assessment. As a last resort the secretary may collect the assessment by civil suit, with the costs of the suit.

As to withdrawals we find the following provision:

Any member, wishing to withdraw from this association shall advise the secretary, in person or by registered letter, who shall then inform him what amount is due, if any, from him to the association. Upon the return of his policy and the immediate payment of this amount, he shall cease to be a member.

We also find that by the terms of the policy, articles, and by-laws subsequent incumbrances placed upon the property insured avoid the policy; and it is stated that " articles provide for cancellation by applicant." The exact allegations of the petition with reference to the cancellation of the policy and plaintiff's withdrawal are as follows:

That about the last day of March, 1903, the defendant assumed jurisdiction to assess the said firm of A. C. & H. B. Nelson as a member thereof under said policy, and did at that time assess the said firm $7.45, under the eleventh by-law, set out in Exhibit A of this petition, and on the 1st day of April, 1903, gave the said firm a written notice thereof under said eleventh by-law, and again gave said firm a written

notice thereof on the 1st day of May, 1903, under the eleventh by-law. That the said firm did not pay the said assessment until September 1, 1903, at which time said firm paid the amount of said assessment and a penalty of 50 cents — in all $7.95 — to the defendant. That said payment was made by a bank draft inclosed in a letter to said corporation at Des Moines, Iowa, duly stamped and mailed at Oskaloosa, Iowa, and there was inclosed in said letter the said policy No. 2,579, then containing thereon, duly executed by said firm, in words as follows, to-wit: " We hereby cancel this policy. A. C. & H. B. Nelson." That the defendant received the said letter with said inclosures about the 2d day of September, 1903, in due course of mail, and collected the said draft, and applied the same to the use and benefit of the defendant, on or about September 2, 1903.

Paragraph 10. The matters in the premises are pleaded in estoppel of the defendant's claim of authority to assess the said firm as a member of said association. That, notwithstanding the matters in the premises, the defendant has assumed jurisdiction over said firm, claiming that it is a member thereof, and in pursuance of said jurisdiction did, on the 1st day of November, wrongfully and oppressively assess the said firm under said policy $11.52, and the defendant has threatened to sue the said plaintiffs therefor, and will sue them for the same unless prevented by the injunction of this court. And the defendant threatens to assess the said firm semiannually on said policy until March, 1907, and to sue the said firm therefor, and will do so unless prevented by the injunction of this court, and plaintiffs are without any plain, speedy, and adequate remedy at law in the matters in the premises.

We shall not consider any question save the plaintiffs' failure to pay assessments and the alleged withdrawal by them from the association. The by-laws provide that delin- 1. MUTUAL FIRE quencies of sixty days in payment of assess- INSURANCE: cancellation of ments shall work suspension of insurance until policy; sub- sequent assess- full payment, with costs, is made, etc.; and ments. that suit may be brought to collect the assessments. The withdrawal provision we have quoted, and need not restate it. Suffice it to say that plaintiffs did not fully comply

with this provision. It does appear, however, that an assessment was made in March, 1903, which plaintiffs refused to pay until September 1st of that year, when they sent the amount, with fifty cents penalty, marked the policy " Canceled," and returned it to the defendant company, which accepted the money and the policy, and retained the same down to the commencement of this suit. No other assessment was made until November of the year 1903, which was after the return of the policy to the association; and it does not appear that this assessment was made for a loss which occurred during the life of the policy.

These facts clearly amount to a cancellation and surrender of the policy. While the article as to withdrawal was not strictly complied with, yet it was competent for the parties to waive strict performance, and to cancel the policy by agreement. Moreover, plaintiffs were *ipso facto* suspended for nonpayment of the assessment levied against them for more than sixty days. True, this did not relieve them from the payment of assessments already levied, but, being suspended, they could only obtain membership again through reinstatement; and this they did not seek. On the contrary, they asked to withdraw, and defendant's conduct was such as to amount to an acceptance of this request without conditions. The subsequent assessments were therefore void, as plaintiffs were no longer members of the association. As sustaining our conclusion, see *Akers v. Hite,* 94 Pa. 394 (39 Am. Rep. 792).

This disposes of the case, but we may remark that plaintiffs are undoubtedly estopped from pleading many of the matters relied upon by them as grounds for defeating 2. ESTOPPEL.  the assessments. Having represented that they owned the property, they cannot now, for the purpose of defeating liability to the defendant, say that they did not own it; and the same rule applies to subsequent incumbrances placed by them upon the property. They may not place incumbrance upon the property contrary to the

terms of their policy, and then say that they are relieved from paying assessments because of their own wrong or misconduct. But it was competent for the parties to cancel the contract of insurance by mutual agreement, and this, according to the allegations of the petition, is what they did.

The demurrer was properly overruled, and the judgment is *affirmed.*