THE STATE ex rel. ENTERPRISE MILLING COMPANY, Appellant, v. BROWN, Receiver First National Bank, et al.

**Division Two, December 24, 1907.**

1. **ATTACHMENT BOND: Limitations.** A suit upon an attachment bond is not barred by limitations within ten years.

2. ————: ————: **Unconditional Promise.** Under the ten-year Statute of Limitations (Revised Statutes 1899, sec. 4272), which provides that an action upon any writing for the payment of money· or property may be brought within ten years after the cause of action accrues, it is not necessary that the instrument sued on, in order for the statute to apply, should acknowledge an obligation to pay which is neither conditional nor contingent, or be one which acknowledges an existing debt to enforce which evidence *aliunde* is not required.

Appeal from Pettis Circuit Court.—*Hon. Jas. E. Ha-zell*, Special Judge.

REVERSED AND REMANDED.

*H. T. Williams* and *Wm. D. Steele* for appellant.

Plaintiff's right of action was not barred by limitation. Sec. 4272, R. S. 1899; Martin v. Knapp, 45 Mo. 48; Henoch v. Chaney, 61 Mo. 129; Nelson v. Barnett, 123 Mo. 564; Miner & Frees v. Howard, 93 Mo. App. 569.

*Robert F. Walker* for respondents.

(1) A petition which shows on its face that the action brought is barred by the Statute of Limitations is bad on demurrer. Heffernan v. Howell, 90 Mo. 344; State ex rel. v. Spencer, 79 Mo. 314; Henoch v. Chaney, 61 Mo. 129; State to use v. Bird, 22 Mo. 470. (2) An attachment bond is not "a writing for the payment of money or property." Where the implied promise to pay money or property does not arise from the instrument itself, but appears only from outside evidence, the ten-year Statute of Limitation is not applicable. Menefee v. Arnold, 51 Mo. 536. The conditions of an attachment bond, like those of any other instrument to pay money to be subsequently ascertained, are of such a character that evidence *aliunde* is necessary to show a promise to pay, and the Statute of Limitations of five years applies. Carr v. Thompson, 67 Mo. 472. An action upon an attachment bond is a suit to recover damages for its breach or a failure upon the part of the plaintiff to sustain the grounds of his attachment; it therefore should, like any other action for the breach of a contract, be brought within five years from the time the statute begins to run. Brady v. St. Joseph, 84 Mo. App. 404. (3) An instrument for the payment of money or property such as is meant by the ten-year

Statute of Limitations, should acknowledge an obligation to pay which is neither conditional nor contingent; the execution of the instrument being admitted, and it being incumbent only on the plaintiff in an action to enforce it, to offer it in evidence to authorize a recovery, then the ten-year statute is applicable; in other words, the bond or instrument should be one which admits an existing debt and does not require evidence *aliunde* to enforce it.   Trepagmer v. Rose, 18 App. Div. (N. Y.) 393, 46 N. Y. Supp. 397; Ancient Order Hiber. v. Sparrow, 29 Mont. 132; Hurd v. McClellan, 14 Colo. 213; People v. Boylan, 25 Fed. 595; Hathaway v. Davis, 33 Cal. 161, dissenting opinion of Judge SAWYER.   (4)   The conditions of administrators' bonds are entirely different from those of attachment bonds.   Administrators' bonds are clearly "writings for the payment of money or property," and are therefore within the provisions of section 4272, Revised Statutes 1899, or the ten-year Statute of Limitations.   Howe v. Mittelberg, 96 Mo. App. 490.

BURGESS, J.—This is a suit upon an attachment bond for $52,000, which bond had been executed and filed by defendants in the circuit court of Pettis county on the 8th day of May, 1894, and this suit was instituted in said circuit court by plaintiff against the defendants on the 3d day of October, 1903.

The defendants interposed a demurrer to the petition filed by plaintiff, the grounds whereof being, first, that said petition did not state facts sufficient to constitute a cause of action, and, second, that it showed upon its face that the cause of action therein attempted to be alleged was barred by the Statute of Limitations.   On a hearing on said demurrer at the December term, 1904, of said court, the same was sustained.   Plaintiff excepted to the action of the court in sustaining the demurrer, elected to stand upon its petition and refused

to plead further. Thereupon the court rendered judgment in favor of defendants and against plaintiff for costs, and plaintiff appealed.

It is the contention of defendants that the cause of action was barred by the five-year Statute of Limitations, and that the ten-year Statute of Limitations does not apply.

Section 4272, Revised Statutes 1899, provides that an action upon any writing, whether sealed or unsealed, for the payment of money or property may be brought within ten years after the cause of action shall accrue.

Section 4273, Revised Statutes 1899, provides that actions may be brought within five years from the time the cause of action accrues upon contracts, obligations or liabilities, express or implied, except those mentioned in section 4272, and except upon judgments or decrees of a court of record, and except where a different time is by statute limited.

It has been uniformly ruled by the Supreme Court that an action upon an administrator's bond may be brought within ten years from the date of the accruing of the cause of action. [State to use v. Pratte, 8 Mo. 286; Martin v. Knapp, 45 Mo. 48; Nelson v. Barnett, 123 Mo. 564.]

In Henoch v. Chaney, 61 Mo. 129, where the action was upon an instrument in the nature of a replevin bond taken by a special constable in a suit before a justice of the peace, the same rule was applied. It is, however, due the distinguished judge who wrote that opinion to say that, in the concluding paragraph thereof, he observed: "In the case at bar, over five years had intervened between the accruing of the right of action, and the institution of suit, and were the question an open one, we might not be able to yield assent to the idea that ten years instead of five is the statutory bar applicable to the case before us. But regarding the

point as settled in the case of Martin v. Knapp, 45 Mo. 48, the conclusion there reached will be adhered to.''

In Howe v. Mittelberg, 96 Mo. App. 490, it is held that the clause of the Limitation Law (sec. 4272, supra) which provides that no action shall be barred under ten years if it is founded on a writing for the payment of money or property, embraces any writing which expresses or implies a promise or agreement to pay money or property, whether the payment is to be certain or contingent.

The bond required by statute (sec. 18, R. S. 1899) of an administrator is conditioned that he shall faithfully administer said estate, account for, pay and deliver all money and property of said estate, and perform all other things touching said administration required by law, or the order or decree of any court having jurisdiction; and while it is well settled that suit may be instituted upon such bond within ten years after the cause of action thereon accrues, defendants contend that an attachment bond contains no conditions for the payment of money or property, and does not, therefore, come within the provisions of said section 4272, but rather the provisions of section 4273, supra.

The parties signing the attachment bond sued upon in this case acknowledge themselves to be indebted to the State of Missouri in the sum of fifty-two thousand dollars, for the payment whereof they bind themselves, their executors and administrators, the obligation to be void (otherwise to remain in full force), if the ''plaintiff shall prosecute its action without delay, and with effect, refund all sums of money that may be adjudged to be refunded to the defendant or found to have been received by the plaintiff, and not justly due to it, and pay all damages that may accrue to any defendant or garnishee, by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment, or process thereon.''

It is true that in Menefee v. Arnold, 51 Mo. 536, it was held that a receipt given by the defendant to a third party for money therein stated to have been received on account of money paid out by defendant as surety for the plaintiff, which receipt was afterwards assigned by the defendant to the plaintiff, was not such a promise to pay as would take the case out of the Statute of Limitations; but the paper sued on contained no promise of any kind, either express or implied.

In Carr v. Thompson, 67 Mo. 1. c. 476, the court said: "The circuit court properly ruled that the plaintiff's suit was not barred by the Statute of Limitations. The promise to pay was in writing, and though the sum to be paid was not expressed in the writing, but was by the terms thereof to be thereafter ascertained, that fact would not take it from under the operation of the ten-year statute. Were the writing of such a character that evidence *aliunde* would be required in order to show a promise to pay, the limitation of five years would apply."

Defendants claim that an instrument for the payment of money or property, such as is meant by the ten-year Statute of Limitations, should acknowledge an obligation to pay which is neither conditional nor contingent; one which admits an existing debt, and which to enforce does not require evidence *aliunde*.

If this position be correct, then all instruments other than notes, bonds, bills of exchange and other written promises or obligations to pay, unconditionally, specified sums of money, would be embraced by the five-year Statute of Limitations. To this we are unable to assent.

As supporting their position defendants cite the case of Trepagnier v. Rose, 18 App. Div. (N. Y.) 393, in which it was held that a policy of fire insurance under which a loss has occurred is not "an instrument for the payment of money," and that to constitute "an

instrument for the payment of money," within the meaning of the statutes of the State of New York, such instrument must acknowledge an absolute obligation to pay, not conditional or contingent. But such is not the law of this State, as we understand it.

Ancient Order of Hibernians v. Sparrow, 29 Mont. 132, is another case relied upon by defendants. But in that case the condition of the bond sued on was that "if the said Edward B. White shall in all things comply with the contract in letter and spirit, and turn over to the said A. O. H. Div. No. 1, of Anaconda, the said building, fully finished and completed in all its parts, in strict compliance with the said plans and specifications, . . . then the above obligation to be void, otherwise to remain in full force and virtue." The court properly held that an action against the sureties on such bond, which was for the performance of a contract, could not be maintained because not an action on a contract for the payment of money. It is plain that the bond in that case contained no promise whatever to pay money or to do anything else.

Hurd v. McClellan, 14 Colo. 213, was a suit by attachment upon an appeal bond conditioned for the prosecution of an appeal from a judgment for $4,437, the condition being that if the appellant shall prosecute said appeal, and, moreover, pay the amount of said judgment, costs, interest and damages, rendered and to be rendered against one of the appellees in case the said judgment should be affirmed, then the obligation to be null and void, otherwise to remain in full force and virtue. The section of the code under which the action was brought reads as follows: "In all actions brought upon overdue promissory notes, bills of exchange, or other written instruments for the direct payment of money, and upon book-accounts, the creditor may have a writ of attachment issued upon complying with the provisions of this section." The

court said:   "The meaning of the words 'other writ-
ten instruments for the direct payment of money'
should be construed in connection with the   context.
Other written instruments are specifically mentioned.
It is clear that the statute was intended to apply to
instruments of the nature of those specially mentioned.
Such instruments are overdue promissory notes and
bills of exchange.   These are, manifestly, instru-
ments for the direct payment of money.   The pay-
ment provided for is absolute and unconditional.   In
other words, it is direct.   In this case the obligation
assumed by the sureties was not direct, but collateral.
They could be charged only upon failure of the prin-
cipal to pay.   If he failed to pay the judgment ap-
pealed from, if affirmed by this court, then there would
be a breach of the condition of the bond upon which a
cause of action might be predicated."   In this State
we have no such statute, nor have we any fault to
find with the ruling in that case.

   People to use v. Boylan, 25 Fed. 594, is also re-
lied upon by defendants as supporting their conten-
tion.   That was an action by attachment under the
same statute as in the next preceding case, and the
same conclusion was reached.

   Our attention is also called to a dissenting opinion
in the case of Hathaway v. Davis, 33 Cal. 161, which
dissenting opinion was by one of the members of a
court composed of five members.   It was also an action
by attachment upon an appeal bond, and the question
was whether it would lie under that provision of the
California statute which provided that an attachment
would lie "in an action upon contract, express or im-
plied, for the direct payment of money," etc., upon
an appeal bond conditioned "that the appellant will
pay all the damages and costs which may be awarded
against the defendant on the appeal, not exceeding
three hundred dollars, and that if the judgment ap-

pealed from, or any part thereof, be affirmed, the appellant shall pay the amount directed to be paid thereby, or the part of such amount as to which the same shall be affirmed, if affirmed only in part, and all damages and costs which shall be awarded against the appellant upon the appeal.'' It was held in that case that the undertaking on an appeal bond is an express contract for the direct payment of money in the sense of the statute in relation to attachments. As we have said, one member of the court dissented. It is quite clear that this decision is not an authority in favor of the defendants, but against them.

There is no question that an administrator's bond in this State may be sued upon at any time within ten years after breach of its conditions. Now, in what respect do the conditions in an attachment bond differ from those of an administrator's bond? The conditions of an administrator's bond are that he, the administrator, "shall faithfully administer said estate, account for, *pay and deliver* all money and property of said estate, and perform all other things touching said administration required by law, or the order or decree of any court having jurisdiction.'' To say nothing about the obligation, the conditions of an attachment bond are "that the plaintiff shall prosecute his action without delay, and with effect, refund all sums of money that may be adjudged to be refunded, to the defendant, or found to have been received by the plaintiff, and not justly due to him, *and pay all damages and costs that may accrue to any defendant, garnishee or interpleader by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment or process thereon, and pay all damages and costs* that may accrue to any sheriff or other officer by reason of acting under the attachment.'' There is no material difference in the conditions and obligations expressed in these bonds, and the promise to pay,

upon certain conditions, is as strongly expressed in the attachment bond as in the administrator's bond. If an administrator's bond may be sued upon within ten years after the cause of action accrues, it logically and conclusively follows that the plaintiff in this case had ten years within which to bring suit upon the attachment bond.

Our conclusion is that the judgment should be reversed and the cause remanded. It is so ordered. All concur.