PRATT v. BROADWELL.

LIMITATION OF ACTIONS—RECEIVERS—INSURANCE—CORPORATIONS
—LIABILITY OF STOCKHOLDERS—ASSESSMENTS.

The statute of limitations begins to run against an assessment
of stockholders in a mutual insurance company, assessed by
the receiver under an order of the court, from the date when
notice of the assessment was served, not from the end of the
period named therein for payment although the notice stated
that suit would be brought after thirty days from such
service.

Error to Van Buren; Des Voignes, J. Submitted November 17, 1909. ( Docket No. 53.) Decided December 30, 1909.

Assumpsit by Frank S. Pratt, receiver of the Michigan Manufacturers' Mutual Fire Insurance Company, against William M. Broadwell for the amount of an assessment on a policy of insurance. A judgment for defendant is reviewed by plaintiff on writ of error. Affirmed.

*David Anderson* and *Glenn E. Warner* (*Frank S. Pratt*, of counsel), for appellant.

*Russell M. Chase,* for appellee.

BROOKE, J. The facts in this case are stipulated as follows:

"The Michigan Manufacturers' Mutual Fire Insurance Company was organized under sections 7,317 to 7,336 of the Compiled Laws of Michigan of 1897. On the 13th day of February, 1901, Chester L. Collins, of Bay City, Michigan, was, upon the petition and motion of the commissioner of insurance of the State of Michigan, by an order made and entered in the circuit court for the county of Bay, State of Michigan, in chancery, in cause No. 3,177, duly appointed receiver of said insurance company,

with full power to levy and collect by suit, if necessary, any legal assessments made against the members and policy holders of said insurance company.

"On the 27th day of July, 1901, the said Chester L. Collins, receiver, was, by an order of the circuit court, in chancery, for the county of Bay, State of Michigan, directed to levy an assessment of $50,000, or thereabouts, against the members and policy holders of the said insurance company.

"On the 27th day of August, 1901, said Chester L. Collins, receiver, levied an assessment against the policy holders and members, and the proportionate part of said assessment of $50,000 against the defendant and his policy was $33.82.   Such sum is conceded to be correct.

"Section 10 of the articles of association provides for the levying and collection of assessments upon the policy holders, a copy of which said articles of association and section 10 is hereto annexed, marked 'Exhibit A,' and made a part of this stipulation.

"Paragraph 6 of the order of the said circuit court, in chancery, of Bay county, making the assessment, to collect defendant's portion, of which this suit was commenced, reads as follows:

"'It is further directed, ordered, and decreed that said Chester L. Collins, receiver as aforesaid, do, and he is hereby, ordered and commanded, after said assessment shall have been made as above directed, to notify the policy holders of said company, being the members of said company, and each of them, of the amount of the assessment against such member and make a demand therefor, and proceed to the collection of the amount assessed against each of said members of said company for the amount so assessed with all possible dispatch, and if the member or members of said company shall fail or refuse to pay the amount of his, her or their assessment within thirty days after the mailing of such notice and demand of said receiver, he shall thereupon proceed to collect from such member or members the whole amount of each member's liability under the policy issued to said members respectively. Said receiver is hereby authorized and directed to resort to such legal measures and proceedings as may be necessary for that purpose.'

"The said Chester L. Collins resigned as receiver and was discharged, and on the 16th day of December, 1905, Frank S. Pratt was by an order of the circuit court for

the county of Bay, in chancery, duly appointed receiver of the said Michigan Manufacturers' Mutual Fire Insurance Company, and duly qualified, and at the time this suit was commenced was and still is acting as receiver of said company.

"The defendant, William M. Broadwell, became a member of the Michigan Manufacturers' Mutual Fire Insurance Company on the 6th day of June, 1899, and policy No. 1,890 was issued to him. Said policy was a Michigan standard policy, containing a mutual clause, a copy of which is hereto annexed, marked ' Exhibit B ' and made a part of this stipulation. Said policy was canceled on the 7th day of December, 1900, at which time the defendant withdrew from said company, paid to said company the sum of $10.46, it being all claims at that time made upon the defendant, and severed his connection with said company. The amount sought to be recovered in this suit represents the amount assessed against the defendant for losses which accrued from the time the defendant became a member of said company until he withdrew and his policy was canceled. Schedule of losses is hereto attached, marked ' Exhibit C ' and made a part of this stipulation.

" On the 29th day of August, 1901, a notice of the assessment levied against this defendant was duly mailed to him, which notice was received by the defendant and is hereto attached, marked, ' Exhibit D ' and made a part of this stipulation. Payment of the sight draft mentioned in said notice of assessment was refused by said defendant.

" This cause was commenced in justice's court by summons issued on the 26th day of September, A. D. 1907. The summons was personally served on the defendant on the 27th day of September, A. D. 1907.

" It is further stipulated that, if plaintiff is entitled to recover at all in this action, the judgment should be for the sum of $44.48, with interest at the rate of 5% per annum from the 6th day of December, 1907, with costs. The pleadings in justice's court were in writing, and are hereby made a part of this stipulation."

The material part of Exhibit A, referred to in the stipulated facts, is as follows:

"All assessments shall be made *pro rata* upon all the

deposit notes owned by the company.  Notice of such assessment shall be sent by mail, to each member, and if any member shall fail to pay such assessment within thirty days from the receipt of such notice, or within thirty days from the mailing of such notice, addressed postpaid, to his last postoffice address, judgment may be taken for the full amount of such notes, but execution shall not issue, except for the amount of assessment regularly levied."

There is but one disputed question of law.  The defendant claims that the debt or demand sued upon is barred by the statute of limitations.  The plaintiff urges the contrary.

It is apparent that the notice of the assessment, made by the receiver, under order of the court, was mailed August 29, 1901, and that suit for the collection of said assessment was not commenced until September 26, 1907.

Plaintiff claims that he had until September 29, 1907, to start suit, by reason of the fact that the order of the court, under which the assessment was made, provided that "if the member or members of said company shall fail or refuse to pay the amount of his, her or their assessment, within thirty days after the mailing of such notice and demand of said receiver, he shall thereupon proceed to collect," etc.  He also points to the provision in section 10 of the articles of association to the same effect, and argues from both of these provisions that, although notice of the assessment was mailed on August 29, 1901, the assessment was not due and payable until 30 days after that date, and therefore that the statute did not commence to run until September 29, 1901.

We are unable to agree with plaintiff's contention. While it is true that, both in the order of the court and in section 10, it is provided that suit shall be brought *after* the expiration of 30 days from the date of the mailing of the notice, there is nothing in the language of either, which indicates that the assessment was not *due* the moment notice thereof was mailed.  Indeed, this is apparently the

construction entertained by the receiver, the officer of the court, for, at the time he mailed the notice of assessment, he attached thereto a sight draft for the amount thereof. In any event, we are of opinion that the case is ruled by decisions of this court.

In the case of *Wardle* v. *Hudson*, 96 Mich. 432 (55 N. W. 992), the assessment was made on May 25, 1885. It became due and payable, for some reason not pointed out in the opinion, July 15, 1885. Suit was commenced thereon February 24, 1892. This was more than six years after the last above-named date, and the claim was held to be barred by the statute. Whether it would have been barred had it been commenced less than six years after July 15, 1885, but more than six years after May 25, 1885, is not, in terms, determined by this case as it was not necessary. The language of the decision, however, and the authorities cited, seem to indicate that it would have been so held, had that question been in issue. At page 436 the court says:

" The rule seems to be well settled that the statute of limitations does not begin to run on a deposit note, given by a member of a mutual insurance company, whereby he agrees to pay a sum certain, or any part thereof, when required, and which by its terms is part of the absolute funds of the company, *until an assessment is laid.* In the present case, *the assessment had been made* more than six years prior to suit brought."

Again, in *Peake* v. *Fuller*, 123 Mich. 684 (82 N. W. 847), the court said: "The statute did not begin to run *until the time the assessment was made*"—holding the question to be controlled by *Wardle* v. *Hudson, supra.* In both of these cases, the case of *Smith* v. *Bell*, 107 Pa. 352, is cited and relied upon. There, the court held:

" A sufficient answer to the plea of the statute of limitations is that the note was not payable at once, or on demand, but is payable by installments, upon the happening of a loss and assessment therefor; and so, *until an assessment is made,* the statute does not begin to run"—citing several cases.

We think a fair complement to the statement "The statute did not begin to run until the time the assessment was made" is, from that time, it did commence to run.

The judgment is affirmed, with costs.

BLAIR, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.