FARMERS MUTUAL HAIL INSURANCE ASSOCIATION OF IOWA, Appellee, v. H. J. REMIEN, Appellant.

No. 45335.

DECEMBER 10, 1940.

Frank P. Brennan, for appellant.

Joe W. Turner, Hal W. Byers, and Herrick, Sloan & Langdon, for appellee.

HAMILTON, J.—The trial court, being of the opinion that the question involved was of sufficient importance to have the same presented and determined by this court, authorized an appeal to be taken. Apparently, the question involved has never been determined by this court.

Briefly, the facts are these: On May 8, 1930, the defendant signed an application with the plaintiff insurance company covering growing crops in the sum of $2,100 for a term of five years. On the 22d day of September, 1930, the board of directors of said association levied an assessment on all policies in force in the sum of one and nine-tenths percent, amounting to $39.90 against defendant, H. J. Remien. Although demand for payment of this assessment was made, the defendant failed and refused to pay the same. Thereafter, the policy was canceled by the plaintiff for failure to pay said assessment. A penalty of $4.27 was added, under the bylaws, to the amount of said assessment due, making the total amount due $44.17, which, with interest added, amounted to $67.20.

This action was commenced on August 16, 1939, more than five years and less than ten years from the date of the assessment. In the application signed by the defendant, which is made a part of the policy, is the following:

"I agree to pay all just assessments, and be governed by the Articles of Incorporation and By-Laws of the Association * * *"

The petition alleges the execution of said application; the issuance of the policy pursuant thereto, effective May 8, 1930, and, by reference, incorporates the original application in the petition; that the policy was in full force and effect for the period for which the assessment was made; the amount of the assessment due by the defendant; the giving of notice thereof and the giving of the second and third notices by virtue of which, under the bylaws, penalties were added; that the claim is still the property of the plaintiff and prays for judgment in the sum of $44.17 with interest at six percent per annum from the first day of December, 1930, and for costs.

By way of answer, the defendant denied liability for the reasons that (1) any assessment claimed by the plaintiff is barred by the statute of limitations, more than five years from the levying of said assessment having elapsed, and (2), under the assessment plan of insurance, the amount of assessment to be levied is indefinite and unascertainable until the meeting of the board of directors each year and no fixed amount is known or can be predetermined, and the assessment part of the policy is separate

and divisible from the policy of insurance and, after the amount of assessment is determined by the board of directors, said assessment is due and payable within a five-year period and cannot be enforced in event the statute of limitations is interposed as a defense.

At the close of the evidence, defendant moved for a directed verdict for the reason that the purported levy was made in September of 1930 and, under the bylaws, the assessment could not be made, under the statutes of the state of Iowa, until the January of the succeeding year; that, under the testimony, the policy became unenforceable on December 15, 1930, and that the purported assessment has since become merely an open account; that more than five years have elapsed since the date of said assessment and the commencement of said action and the claim is now barred by the statute of limitations, and for the further reason that more than a reasonable time has elapsed since the due date of said assessment and the commencement of said action; that, under the mutual type of insurance, the insurance policy and the assessment are separate and divisible and constitute two types of transactions; that the policy, therefore, is a written contract and that the assessment is merely a charge account and that the same is now barred by the statute of limitations.

The issue thus presented was whether the obligation constituting the basis of plaintiff's suit was in writing and the ten-year limitation statute applicable or whether on open account and the five-year limitation statute applicable.

The trial court, in his findings and judgment, held that the action was based on a written contract and not barred for ten years; that the liability of the defendant "is on account of his written agreement when he signed the application for the policy of Insurance that was issued to him by plaintiff in which he agreed to pay all just assessments on the policy, and the policy of Insurance that was issued by the plaintiff pursuant to said application. The application and policy constitute a written contract between the plaintiff and defendant. The cancellation of the policy that was issued to him by the plaintiff on December 15, 1930, cancelled it in so far as any future insurance was concerned, and also as to any future assessments thereon, but it did not cancel the defendant's liability for the assessment for the time

the policy was in force, and did not change the liability of the defendant from his written promise to pay to that of an open account. The policy is still in force in so far as to permit the plaintiff to collect all unpaid assessments thereon that were made before it was cancelled.''; that the defendant's plea of the statute of limitations was not good, and judgment was entered for the amount prayed for in the petition.

Apparently, for the purpose of having the question determined by the court of highest resort in this state, this appeal was authorized and taken.

While the appellant contends the trial court was wrong, he frankly admits that he has been unable to find any authority to sustain him in his contention. On the other hand, there is authority sustaining the trial court. In Nelson v. Insurance Assn., 127 Iowa 603, 103 N. W. 966, this court held that a member of a mutual insurance association was not liable for assessments levied after cancellation of the policy, but expressly held that the cancellation did not relieve such member from the payment of assessments already levied. The defendant's liability existed by virtue of the contract which was in writing between himself and the insurance company. This contract is evidenced by the application and policy. Wardle v. Hudson, 96 Mich. 432, 55 N. W. 992. In Lorberg v. Jaynes [Mo. App. (NOR)], 298 S. W. 1059, the Missouri court had for consideration the identical question involved in the instant case. In the Missouri case, at page 1061 of 298 S. W., the cause of action was based on the following written statement:

'' '* * * to pay the company his pro rata portion of such losses as the company was called upon to pay, * * * and that he would pay promptly such assessment as was made upon him by the company, * * * as long as his policy or contract was in force.' ''

In discussing the case, the court said, at page 1061 of 298 S. W.:

''As we read the above, we cannot conceive how the language therein employed could be construed otherwise than as alleging clearly and concisely that the promise of defendant to pay was given in the written contract itself, thus rendering the 5-year

statute inapplicable and bringing the case within the terms of the 10-year statute. Nor may the import of the statement be questioned in this respect, because there was no specification therein of the exact amount agreed to be paid by defendant from time to time. To satisfy the statute, the promise to pay must be in writing, but it is immaterial that the sum to be paid may be contingent or conditional, and subsequently to be ascertained. Carr v. Thompson, 67 Mo. 472; State ex rel. Enterprise Mill Co. v. Brown, 208 Mo. 613, 106 S. W. 630; Howe v. Mittelberg, 96 Mo. App. 490, 70 S. W. 396; Miner & Frees v. Howard, 93 Mo. App. 569, 67 S. W. 692 * * *

"We see no escape from the conclusion, therefore, that inasmuch as it appeared from the face of plaintiff's statement of his cause of action that his right to recover was based upon an instrument in writing containing a promise for the payment of money, the 5-year statute was wholly inapplicable, in consequence of which this action was not barred by limitation of time."

Another case involving facts analogous to those in the instant case is Fidelity & Cas. Co. v. Callaghan (Tex. Civ. App.) 104 S. W. 1073. See also (as supporting in principle) : Equitable Mut. Fire Ins. Corp. v. Murray, 131 Ky. 740, 115 S. W. 816; Stadtler v. Southern Surety (Tex. Civ. App.) 253 S. W. 681.

We see no escape from the logic underlying the holdings of the courts of these sister states which support the decision of the able trial court and the case is, therefore, accordingly, affirmed. —Affirmed.

STIGER, SAGER, MILLER, HALE, MITCHELL, BLISS, and OLIVER, JJ., concur.