MINER & FREES Respondents, v. L. W. HOWARD et al., Appellants.

Kansas City Court of Appeals, April 7, 1902.

Limitations: ACCOUNTS: COLLATERAL BOND. A bond was conditioned that the principal therein would pay for the labor and material used by him in digging a certain well. *Held*, the bond was a promise to pay for the labor and material and that an account for material furnished was not barred by the five-year statute of limitations.

Appeal from Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

Affirmed.

*J. M. Sallee* and *D. J. Heaston* for appellants.

(1) The claims sued upon, alleged to constitute a breach of the bond, are barred by the statute of limitations. This being a suit upon an open account is barred by the five-year statute of limitations. R. S. 1899, sec. 4273; R. S. 1889, sec. 6775. (2) If, as between the plaintiffs and the defendant L. W. Howard, the claims sued on are barred, then upon what theory can the sureties on defendant's bond be held? The breach of the bond must show with certainty and precision that the plaintiffs have a cause of action. 3 American and English Ency. of Pleading & Practice, p. 661, note 1; Hibbard v. McKindley, 28 Ill. 240; State v. Pace, 34 Mo. App. 458. (3) Whatever, therefore, amounts to a good defense to the original liability of the principal, is a good defense for the sureties when sued upon the collateral undertaking. State to use v. Blake, 2 Ohio St. 147; Bridges v. Blake, 106 Ind. 332; Auchampaugh v. Schmidt, 70 Iowa 652; Ryus v. Grubble, 31 Kas. 767; Couch v. Waring, 9 Conn. 261; State v. Conway, 18 Ohio 235-7; Ohio v. Blake, 2 Ohio St. 147; Mount v. Lakeman, 21 Ohio St. 643; State v. Kelly, 32 Ohio St. 430. (4) No action can be maintained against sureties, if, at its commencement, the liability of the principal to the action had ceased to exist because of the statute of limitations. Spokane Co. v. Prescott, 67 Am. St. Rep. 733; 19 Wash. 418; Davis v. Clark, 58 Kas. 454; Ryus v. Grubble, 31 Kas. 767; Commissioners v. Van Slyck, 52 Kan. 622; Mount v. Lakeman, 21 Ohio St. 643; Ware v. State, 74 Ind. 181; Whitney v. Gamon, 103 Iowa 363; Eising v. Andrews, 66 Conn. 58.


*J. W. Peery* for respondents.


(1) The instrument sued upon in this case is, in its legal effect, a writing under seal, whereby the obligors promise

to pay the city of Bethany the sum of one thousand dollars, for the use and benefit of the plaintiffs, or any other material-men, upon the conditions in said bond named. The plaintiffs are as much parties to said instrument as if their names had been written therein as obligees. Board, etc., v. Woods, 77 Mo. 197; St. Louis v. Van Phul, 133 Mo. 561; Devers v. Howard, 144 Mo. 671; School Dist. v. Livers, 147 Mo. 580; 19 Am. and Eng. Enc. Law (2 Ed.), p. 268 and cases there cited. (2) When we look at both the form and the cause of action, as made by the allegations of the petition, we find it to be clearly a suit upon a penal bond, executed under seal, with collateral conditions. R. S. 1899, sec. 4272; Martin v. Knapp, 45 Mo. 48; Henoch v. Chaney, 61 Mo. 129; State v. Ennis, 79 Mo. App. 12; Nelson v. Barnett, 123 Mo. Mo. 572; Parsons v. Levee Co., 73 Mo. App. 458; Brady v. St. Joseph, 84 Mo. App. 399; Rowsey v. Lynch, 61 Mo. 560; Reyburn v. Casey, 29 Mo. 129; Moorman v. Sharp, 35 Mo. 283; Carr v. Thompson, 67 Mo. 472.

ELLISON, J.—Defendant Howard undertook to dig a well for the city of Bethany. He gave a bond to the city in the sum of $1,000, with the other defendants as his sureties, conditioned, among other things, that he would pay for the labor and for the material used in digging the well. This action is to recover for material furnished Howard. Plaintiffs prevailed in the trial court.

In this court the parties have stipulated that the present action is on the same bond involved in Devers v. Howard, 88 Mo. App. 253, and upon the authority of Judge BROADDUS' opinion in that case should be affirmed unless plaintiffs' claim was barred by the statute of limitations when the action was begun; that the contention of defendants is that the five-year period governed the case (sec. 4273, R. S. 1899); while the contention of plaintiffs is that the ten-year period controlled (sec. 4272, R. S. 1899): It being agreed by the parties

that if the court concluded the ten-year statute applied, the judgment should be affirmed; but if the five-year limit applied, it should be reversed.

The view taken by defendants is that the undertaking of Howard, as principal in the bond, was to pay the accounts for the material; and that the other defendants were his sureties in that undertaking; that actions on accounts are barred by the statute in five years; that therefore, as more than five years had expired, Howard was discharged from payment, and in consequence the other defendants, as his sureties, were also discharged. The defendants say that the bond sued on is a collateral obligation and that it can "exist no longer than the liability it was created to secure." And that "whatever amounts to a good defense to the original liability of the principal, is a good defense for the sureties when sued upon the collateral undertaking."

After full consideration of the suggestions in defendants' behalf and of the authorities in support thereof, we have concluded that under the construction which the statute has received in this State, the trial court did not err in rendering judgment for plaintiffs. The bond sued on was before the Supreme Court in Devers v. Howard, 144 Mo. 671, and City of Bethany v. Howard, 149 Mo. 504; and, as before stated, was before this court in Devers v. Howard, supra. The practical effect of the decision in those cases is that the bond is an obligation entered into with the laborers and materialmen as well as the city of Bethany. After the execution of the bond, the promise to pay the laborers and materialmen did not rest alone on the mere account between such persons and Howard. For by that instrument, there arose a promise to pay for the labor and material; and it is therefore not true, as contended by defendants, that the claim for the material in controversy was barred, because more than five years allowed for actions on accounts had elapsed. This is an action on the bond, and it is no more barred than if a note had been

given by Howard for the material, with these defendants as sureties. The fact that the sum to be paid was not ascertained when the bond was executed and therefore not named therein, does not prevent the application of the statute. Carr v. Thompson, 67 Mo. 472; Reyburn v. Casey, 29 Mo. 129; Moorman v. Sharp, 35 Mo. 283.

Neither is it an objection to this view of the statute that the bond in suit is a collateral or indirect promise to pay money. Martin v. Knapp, 45 Mo. 48; Rowsey v. Lynch, 61 Mo. 560. Though indirect, the bond itself contained the promise and was a writing "for the payment of money," which would sustain an action within ten years.

The judgment must therefore be affirmed. All concur.