**Missouri Court of Appeals**
Southern District
Division Two


FOUR STAR ENTERPRISES )
EQUIPMENT, INC., RGH, LLC, )
)
      Plaintiffs-Appellants, )
)
AND COUNTY OF GREENE/GREENE )
COUNTY COMMISSION, EX REL, AND )
FOR THE USE AND BENEFIT OF FOUR )
STAR ENTERPRISES EQUIPMENT, )
INC., AND RGH, LLC, )
)
      Plaintiffs, )
)
     vs. )    No. SD32781
)    **Filed: December 9, 2014**
EMPLOYERS MUTUAL CASUALTY )
COMPANY, )
)
    Defendant-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable J. Dan Conklin, Circuit Judge

*Before Sheffield, P.J., Rahmeyer, J., and Lynch, J.*

**<u>REVERSED AND REMANDED WITH DIRECTIONS</u>**

      PER CURIAM. This case involving section 107.170[1] comes to us on a $20,000

claim, with two separate lawsuits and seventeen years of litigation. Under section

107.170, "[s]tatutory payment bonds shift the ultimate risk of nonpayment from [eligible]

---

[1] All statutory references are to RSMo Cum. Supp. 1995.

workman and suppliers to the surety on public work projects," and offer eligible "laborers and materialmen some assurance of payment." ***City of Kansas City, Missouri ex rel. Lafarge North America Inc. v. Ace Pipe Cleaning, Inc.***, 349 S.W.3d 399, 403-04 (Mo.App. W.D. 2011). In Missouri, public property "is protected from," and "cannot be encumbered by," mechanic's liens. ***Id.*** Four Star Enterprises Equipment, Inc. ("Four Star")[2] claims it rented equipment to a subcontractor on a public work project and, as a result, was eligible to seek recovery under the general contractor's section 107.170 statutory payment bond for items covered by the bond. ***Id.*** at 404-07. Four Star obtained a default judgment against the subcontractor, and then filed suit against Employers Mutual Casualty Company ("EMC"), the surety for the statutory payment bond. The trial court, however, denied Four Star's claim for collection of the judgment. We reverse and remand.

## **Factual and Procedural Background**

From what can be gleaned from the record, Four Star sold and rented equipment – "mainly" construction equipment. The underlying cause of action began when Four Star leased construction equipment to Fred and Mark Townlian doing business as T & T Construction (collectively, "T & T" or "Subcontractor"), which Four Star alleged was for use on Greene County's Plainview Road project. D & E Plumbing and Heating, Inc. ("D & E" or "General Contractor") was the general contractor for the project and hired T & T. As required by section 107.170, D & E issued a payment bond for the road project with EMC as surety. T & T did not fully pay Four Star for the rental of the equipment.

---

[2] Four Star assigned its claim to the appellant RGH, LLC, midway through litigation in the lower court. For purposes of our analysis in this appeal, any distinction is irrelevant. For clarity, we simply refer to the appellant as "Four Star."

2

In May 1997, Four Star sued T & T, D & E, and EMC to recover payment for rental of the equipment. All three defendants were served with a summons.

Subcontractor did not appear or file an answer. General Contractor and EMC appeared, filed and argued several motions, and engaged in discovery before filing answers in June 2003. After General Contractor and EMC filed answers in June 2003, Four Star[3] filed an affidavit of Fred Townlian and an affidavit of a representative of Four Star that same month. After filing answers, General Contractor and EMC also requested and were granted two changes of judge, engaged in further discovery, and requested and were granted at least one continuance of trial.

On September 1, 2005, the case was set for trial before a jury on November 21, 2005. At Four Star's request, and apparently without any advance notice to D & E or EMC, the trial court then entered a default judgment in favor of Four Star against Subcontractor on November 16, 2005. Two days later, Four Star voluntarily dismissed D & E and EMC from the suit without prejudice, making the default judgment final. The default judgment remains in effect as it was not appealed and has not been set aside.

The November 16, 2005 docket entry states, "Formal judgment is signed and filed." The judgment itself is entitled "Judgment," is signed by the trial court, is dated November 16, 2005, and entered judgment in favor of Four Star against Subcontractor in the amount of $18,873.18 for the "unpaid principal" attributable to Subcontractor's rental of a 553 Gehl forklift and bucket used on the Plainview Road project from September 17, 1996 through January 17, 1997, $29,725.26 for accrued interest from February 21, 1997, and $4,000 for attorney's fees. The judgment also indicates that the "evidence adduced"

---

[3] On June 1, 1999, Four Star assigned its claim against Subcontractor to RGH, LLC, and Four Star then merged into an unrelated corporation.

3

included the "affidavits" of Fred Townlian and a Four Star representative, and the "admissions" of Fred Townlian. The docket sheet for the case shows that a copy of the docket sheet was mailed to counsel for General Contractor and EMC on November 16, 2005.

Subsequently, in September 2006, RGH, LLC, and Four Star filed suit against EMC to: (1) collect the default judgment under the statutory payment bond issued by General Contractor for Greene County's Plainview Road project and for which EMC was surety (Count I), and (2) recover additional damages for "vexatious[] refus[al] to pay" the default judgment pursuant to sections 375.296 and 375.420 (Count II).

Four Star's evidence tended to show that Four Star rented a Gehl forklift and bucket to Subcontractor that Subcontractor used on Greene County's Plainview Road project from September 17, 1996 through January 17, 1997, but did not fully pay Four Star the amount owed under the rental agreement. EMC's evidence tended to show that General Contractor terminated Subcontractor before September 17, 1996, and that Subcontractor did not perform any work on the Plainview Road project after being terminated. At trial, counsel for EMC acknowledged that the earlier lawsuit that gave rise to the default judgment was "very similar to this lawsuit, same parties, same set of facts." The statutory payment bond issued by General Contractor, and for which EMC was surety, was admitted by agreement of the parties.

At trial, EMC steadfastly objected to certain documents offered into evidence by Four Star. Although the trial court noted those objections, all documents offered by Four Star during trial were admitted into evidence. Before trial, Four Star requested that the

4

trial court issue "specific findings as to any reason or basis for the denial of any portion of [Four Star's] bond claim."

More than a year after the trial concluded, the trial court adopted verbatim the forty-three pages of EMC's proposed findings and incorporated those findings into its judgment denying both of Four Star's claims. The judgment reversed numerous evidentiary rulings made during the trial admitting documents offered by Four Star and excluded those documents from evidence and consideration by the trial court in arriving at its judgment. Four Star now appeals this judgment.

Four Star raises six claims on appeal: (1) The trial court failed to comply with Four Star's Rule 73.01[4] request for findings of fact; (2) The trial court erroneously declared the law of a surety's liability under a statutory payment bond; (3) The trial court's judgment was against the weight of the evidence; (4) The trial court erroneously declared that the claims were barred by the statute of limitations; (5) The trial court abused its discretion by reversing evidentiary rulings *sua sponte* after trial; and (6) The trial court erred by refusing to hold EMC liable for vexatious refusal to pay on the bond.[5]

Because all of Four Star's points involve in some manner documentary evidence that was admitted during the trial and then excluded from evidence after trial by the judgment, we begin our review with Four Star's fifth point, which we find dispositive of this appeal.

### Standard of Review

The admission or exclusion of evidence is within the sound discretion of the trial court. Where evidence is excluded, the issue is whether or not the trial court abused its discretion, not whether the evidence was admissible.

---

[4] All rule references are to Missouri Court Rules (2014).

[5] Four Star withdrew its sixth point in its reply brief.

A trial court abuses its discretion when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicates a lack of careful consideration. We give substantial deference to the trial court's decision to admit or exclude evidence because of its superior opportunity to evaluate the proffered evidence in the context of the trial. We will affirm the trial court's evidentiary ruling unless there is a substantial or glaring injustice. To reverse, we must find that the trial court's error in excluding evidence was prejudicial and not harmless and that the error materially affected the merits of the action. A ruling within the trial court's discretion is presumed correct, and the appellant bears the burden of showing abuse of discretion and prejudice.

***Romeo v. Jones***, 144 S.W.3d 324, 332 (Mo.App. E.D. 2004) (internal citations omitted).

## Discussion

Four Star contends that the following evidence was admitted at trial and then later excluded from evidence in the trial court's judgment: (1) Four Star's first proof of claim submitted to EMC; (2) Four Star's supplemented proof of claim; (3) the judgment against T & T; (4) Four Star's contract assigning its claim to RGH, LLC; (5) a statement of the T & T account record with Four Star; (6) a statement of attorney's fees; (7) the daily log book of Greene County; (8) a second daily log book of Greene County; (9) the pickup ticket for the equipment; (10) the delivery ticket for the equipment; and (11) the rental contract between Four Star and T & T. Regarding a few of these exhibits, the judgment is somewhat ambiguous as to whether they were excluded from evidence.[6] Nevertheless, certain previously admitted exhibits that are crucial to Four Star's case and its points on appeal were clearly found to be inadmissible in the judgment. Particularly, Four Star, in

---

[6] For example, regarding the statement of attorney's fees, the judgment states that EMC objected to the admissibility of the exhibit but it never expressly sustains the objection. Regarding the Greene County daily log books, the judgment finds that EMC's objection to admissibility should have been sustained to the first exhibit and then continues in the next sentence to discuss the second exhibit as if that exhibit would be inadmissible for the same reason, but never expressly says so.

6

part, claims that the trial court misapplied the law in excluding the default judgment from evidence and in declining to treat the default judgment as binding on EMC.[7]

We will review whether the trial court abused its discretion in excluding exhibits from evidence by its judgment that were previously admitted into evidence during trial without distinguishing among the different exhibits within that group.[8] We initially note that Rule 73.01 requires a court in a case tried without a jury to "rule upon all objections to evidence as in jury cases." Rule 73.01(a). Some case law, however, suggests that the rules excluding evidence are less strictly enforced in a court-tried case. *Gardner v. Robinson*, 759 S.W.2d 867, 868 (Mo.App. S.D. 1988). Here, we are not presented with a mere exclusion of evidence at trial. Rather, the evidence in question was admitted during

---

[7] *See generally **City of Independence v. Kerr Construction Paving Company, Inc.***, 957 S.W.2d 315, 319-20, 324-25 (Mo.App. W.D. 1997) (holding that a surety's liability for items covered by a statutory payment bond issued pursuant to section 107.170 is coextensive with the bond principal's liability for these items, and the surety is liable as a matter of law to the extent of the principal's liability for these items); ***Stoops v. Wittler***, 1 Mo.App. 420, 423-24 (Mo.App. St.L.D. 1876) (concluding "a judgment against the principal is conclusive against the surety, though he be not a party to the suit, if he have notice of the proceeding, or, at least, where he has been a party defendant and has filed an answer, though before trial the suit be dismissed as to him," and "a judgment binds none but parties and privies," and, in *dicta*, suggesting that the same principle would apply to a default judgment); ***Home Insurance Co. of New York v. Savage***, 103 S.W.2d 900, 902 (Mo.App. K.C.D. 1937) (finding it unnecessary to decide whether a default judgment entered against a principal in a lawsuit against the principal and two sureties was binding on the sureties, but stating in *dicta* "[m]any authorities hold that a judgment against the principal, obtained under circumstances identical with those here, absent fraud, collusion, or clerical error in its entry, is conclusive on the sureties"); ***City of Kansas City, Missouri ex rel. Lafarge North America Inc. v. Ace Pipe Cleaning, Inc.***, 349 S.W.3d 399, 404 & n.11 (Mo.App. W.D. 2011) (a subcontractor is in direct privity of contract with the general contractor, and, for the purpose of determining the right of a sub-subcontractor to a subcontractor to recover under a statutory payment bond issued pursuant to section 107.170, the law adopts the legal fiction that the sub-subcontractor also is in privity of contract with the general contractor though that technically is not true); ***State of Missouri ex rel. Family Support Division v. Stovall-Reid***, 163 S.W.3d 519, 521-22 (Mo.App. E.D. 2005) ("[r]es judicata prevents a party from re-litigating issues judicially determined in a previous action, even when the judgment was entered by default," and notice of the default judgment hearing is not relevant where the default judgment has not been set aside and remains in effect) (italics added, and internal citation omitted); and ***Xiaoyan Gu v. Da Hua Hu***, No. ED100001, 2014 WL 3728710, at *8 (Mo.App. E.D. July 29, 2014) (res judicata "applies to the parties and their privies," and "[f]or privity to exist, . . . the interests of the party and non-party must be 'so closely intertwined that the non-party can fairly be considered to have had his or her day in court'") (quoting ***Stine v. Warford***, 18 S.W.3d 601, 605 (Mo.App. W.D.2000)).

[8] We may do so because we make no finding regarding the underlying issue of whether the individual exhibits were admissible. ***Romeo***, 144 S.W.3d at 332.

7

the trial. It was only after the trial concluded, when Four Star could no longer present any other evidence, that the trial court, at the invitation and request of EMC,[9] excluded the previously admitted evidence. The issue in this appeal is whether the procedure employed by the trial court in admitting this evidence at trial and then excluding it by its judgment was an abuse of discretion. We conclude that it was.

In *Jones v. Wells Fargo Auto Finance, LLC*, a trial court ruled on a motion to dismiss without an evidentiary hearing despite the fact that both parties had requested an evidentiary hearing. 383 S.W.3d 472, 474-75 (Mo.App. W.D. 2012). The *sua sponte* ruling required reversal because the losing party could not have known that the trial court intended to rule solely on their motion papers and therefore was deprived of an opportunity to argue otherwise to the court. *Id.* at 477.

Similarly, the trial court's procedure employed here of excluding evidence by its judgment that was previously admitted during trial deprived Four Star of any foreknowledge that the trial court intended to rule on a more limited amount of evidence than Four Star had presented and had been admitted into evidence at trial. Ruling on a crucial piece of evidence after the record has been closed places the parties in the untenable position of not knowing what additional evidence is needed to complete their case. *Estate of Loik*, 426 A.2d 1134, 1137 (Pa. 1981).

Having reasonably relied upon the trial court's admission of its proffered evidence at trial, this procedural device also deprived Four Star of any opportunity to present other evidence, in lieu of the post-trial excluded evidence. Once the trial court

---

[9] "Findings of fact and conclusions of law by a court sitting without a jury ordinarily should not encompass or consist of evidentiary rulings[.]" 89 C.J.S. Trial § 1259. Because findings of fact can be adopted after the close of evidence, it would be inappropriate to include evidentiary rulings therein because "[a] ruling on objections to evidence or motions to strike evidence should be made as soon as possible at the time that the objection or motion is made." 88 C.J.S. Trial § 243 (internal footnotes omitted).

8

decided to exclude the previously admitted evidence, the failure to give Four Star a chance to offer other evidence in lieu of the previously admitted and then excluded evidence shocks this Court's sense of fairness and justice. This failure substantially hindered Four Star's fair ability to present its case and therefore prejudiced Four Star.[10] Portions of this evidence, e.g. the rental agreement between Four Star and T & T, were crucial to Four Star's claims; therefore, this is an error that materially affected the merits of this action. The trial court abused its discretion in excluding evidence by its judgment that it had previously admitted at trial without giving Four Star an opportunity to offer other evidence in lieu of the subsequently excluded evidence. Four Star's fifth point is granted.

## Conclusion

The judgment is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. If, on remand, the trial court determines that

---

[10] This Court appreciates EMC's counsel's candor about the fairness issue during oral argument:

> EMC's counsel: All the evidence that came in I objected to. The judge changed his mind on the validity of my objections. The way these things are tried with a court-tried case, you all know that the courts on a court-tried case basically take in all the evidence except that which is obviously plain error and they can take all that stuff with the case and they can change their . . . .
> Judge Rahmeyer: He didn't do that though. The court didn't say "I'm taking this with the case."
> EMC's counsel: No, he did not.
> Judge Rahmeyer: He really ruled retroactively that this evidence is not admissible.
> EMC's counsel: Yeah, he ruled retroactively.
> Judge Rahmeyer: And you have to admit that does not comply with any sort of due process or any sort of fairness.
> EMC's counsel: I admit that.

 "The preferable practice is for the trial court to prepare its own specific findings of fact and conclusions of law so as to better insure that all issues raised are addressed and that erroneous allegations of fact or law . . . are not incorporated in a court order." *Malone v. State*, 747 S.W.2d 695, 699 (Mo.App. E.D. 1988).

the proffered evidence was properly excluded, Four Star should be given a chance to offer additional evidence.[11]

---

[11] Because the trial court denied Four Star's claim under General Contractor's statutory payment bond, the trial court did not consider, nor do we, EMC's claims that (1) all or a portion of the "unpaid principal" awarded in the default judgment was beyond the scope of the relief Four Star sought in its petition (EMC asserts Four Star's petition sought only "rent") and also beyond the scope of those items that are recoverable under a statutory payment bond issued pursuant to section 107.170, and (2) the interest and attorney fees awarded in the default judgment are beyond the scope of those items that are recoverable under a section 107.170 statutory payment bond. *See generally* Edward V. Crites & Joseph C. Blanner, *Payment Bonds for Public Works Contractors*, 70 J. Mo. Bar, Jan.-Feb. 2014, at 18 for a general discussion of statutory payment bonds issued pursuant to section 107.170 for public works and the items that are recoverable under those bonds.