# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 14-1664

———————————————

Sherrita Richardson Harris

*Plaintiff - Appellant*

v.

Mortgage Professionals, Inc.

*Defendant*

Hartford Fire Insurance Company

*Defendant - Appellee*

——————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————

Submitted: December 8, 2014
Filed: March 23, 2015

——————

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

——————

BENTON, Circuit Judge.

On March 11, 2004, Sherrita Richardson Harris closed on a home with a mortgage loan from Mortgage Professionals, Inc. (MPI). To be licensed in Missouri,

MPI, as obligor and principal, bought two "Missouri Residential Mortgage Brokers Bonds" from Hartford Fire Insurance Company, its surety. *See* **§ 443.849 RSMo Supp. 2001**. The surety bonds stated that the two parties were "jointly and severally" bound for payment to any person "who may have a claim against" MPI.

Harris later sued MPI for violating the Missouri Merchandising Practices Act, sections 407.010-.1500 RSMo 2000. Harris obtained a judgment for compensatory damages, punitive damages, and attorney fees. Hartford had notice of the suit against MPI, but chose not to intervene. As surety, Hartford failed to pay the judgment amount due on the bonds.

On October 4, 2012, Harris sued Hartford for breach of contract, vexatious refusal to pay, and equitable garnishment. The district court granted Hartford summary judgment, rejecting the ten-year statute of limitations in section 516.110(1) RSMo 2000, in favor of the three-year statute in section 516.130(2) RSMo 2000. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

This court reviews de novo a grant of summary judgment, viewing facts most favorably to the nonmovant. ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is appropriate when "the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a)**.

Federal courts apply the law of the forum to determine statutes of limitation. ***Guaranty Trust Co. of N.Y. v. York***, 326 U.S. 99, 108-09 (1945). In a diversity case, this court is bound by the opinions of the state's highest court. ***Owners Ins. Co. v. Hughes***, 712 F.3d 392, 393 (8th Cir. 2013). In Missouri, statutes of limitation are procedural. ***Renfroe v. Eli Lilly & Co.***, 686 F.2d 642, 646 (8th Cir. 1982). There is no Missouri statute of limitations specifically for actions on mortgage-broker bonds.

The issue is whether Harris's suit to collect on the statutorily-required bonds is an action upon a writing for the payment of money, or upon a penalty statute. Harris invokes the ten-year statute of limitations for "[a]n action upon any writing . . . for the payment of money or property." **§ 516.110(1) RSMo 2000**. Hartford counters with the three-year statute for "[a]n action upon a statute for a penalty or forfeiture." **§ 516.130(2) RSMo 2000**.

The Supreme Court of Missouri held that an action on a statutorily-required bond is upon a writing for the payment of money, thus subject to the ten-year statute. *Martin v. Knapp*, 45 Mo. 48, 50-51 (1869) (applying ten-year statute to administrator's bond required by §§ 17-18 RSMo 1855, vol. I, at 115-16). *See also State ex rel. Enter. Milling Co. v. Brown*, 106 S.W. 630, 632 (Mo. 1907) (following *Martin* and uniformly applying the ten-year statute to an attachment bond); *Missouri, K. & T. Ry. Co. v. Am. Sur. Co. of N.Y.*, 236 S.W. 657, 663-64 (Mo. banc 1921) (applying the ten-year statute to an indemnity bond). *See generally Johnson v. State Mut. Life Assur. Co. of Am.*, 942 F.2d 1260, 1263 (8th Cir. 1991) (en banc) (acknowledging broad interpretation of Missouri's ten-year statute for bonds); *Hughes Dev. Co. v. Omega Realty Co*., 951 S.W.2d 615, 616-17 (Mo. banc 1997) (recounting the history of § 516.110(1) since 1835).[1]

The district court rejected the ten-year statute of limitations, citing *State ex rel. Griffin v. R.L. Persons Construction, Inc.*, 193 S.W.3d 424, 429 (Mo. App. 2006),

---

[1]Alternatively, Hartford argues that the five-year statute—for "an action upon a liability created by a statute other than a penalty or forfeiture"—limits this case. *See* **§ 516.120(2) RSMo 2000**. However, the Missouri Supreme Court has rejected this statute in favor of the ten-year statute for breaches of bond contracts. **Hughes Dev.**, 951 S.W.2d at 617 (rejecting the five-year statute, holding that "the ten-year statute of limitations applies to every breach of contract action in which the plaintiff seeks a judgment from the defendant for payment of money the defendant agreed to pay in a written contract," including suits on bonds).

which held that when a statute provides for a penal remedy beyond simple restitution, the more "specific" three-year statute of limitations for "actions on a statute for a penalty" applies.

The *Griffin* case does not cite *Martin v. Knapp* or other Missouri Supreme Court decisions that have applied the ten-year statute to bonds for "penal sums." *See, e.g.*, **Missouri, K. & T. Ry.**, 236 S.W. at 659. *Griffin* also ignores *State v. Virgilito*, 377 S.W.2d 361 (Mo. 1964). The surety in *Virgilito* argued that the bond was for a "penal sum" and that the action was subject to the three-year statute "for a penalty." **Virgilito**, 377 S.W.2d at 364. However, the Supreme Court of Missouri held that the ten-year statute applied to civil judgments on bonds, even when such a bond "grows out of a criminal proceedings." **Id.** at 365 (finding that although the bond "provided for the payment of a penalty or penal sum by the surety upon a breach of the conditions of the bond and subsequent forfeiture thereof, . . . that fact is not decisive of the question whether the three or 10-year statute applies"). This court is not bound by the intermediate court's decision in *Griffin*, and the district court incorrectly relied on the case.

Harris's claim against Hartford seeks the amount due on the bonds. It is an action upon a writing for the payment of money. Harris sued Hartford within ten years after her claim accrued on March 11, 2004. The suit is not barred.

Hartford acknowledges it had notice of Harris's suit against MPI and an opportunity to defend, but argues that it had no cause to intervene and was not bound by the judgment. A surety is liable for contract damages coextensively with those of the principal, unless otherwise agreed. **City of Independence ex rel. Briggs v. Kerr Constr. Paving Co.**, 957 S.W.2d 315, 319 (Mo. App. 1997); **Howard Constr. Co. v. Teddy Woods Constr. Co.**, 817 S.W.2d 556, 562-63 (Mo. App. 1991) (noting that "the entry of a judgment against the principal is determinative of the extent of liability of

-4-

the surety under" payment and performance bonds).  Because the ten-year statute governs, Hartford is liable for the judgment amount due on the bond.

* * * * * * *

The judgment is reversed, and the case remanded for proceedings consistent with this opinion.

_____