Gary M. Gaertner, Jr., Presiding Judge
Introduction
Paul Eaton (Appellant) appeals the judgment of the trial court dismissing with prejudice his petition for temporary restraining order, preliminary injunction, and permanent injunction against two unnamed police officers to prevent them from testifying in support of an arrest warrant for Appellant. Due to the absence of a case or controversy that would give Appellant standing to seek injunctive relief, we affirm the trial court's dismissal without prejudice.
Background
Appellant's petition alleged the following. Appellant was arrested without a warrant on August 5, 2017 by two unnamed defendants, referred to in the petition as John Doe and James Doe (Defendants). A warrant did not issue within 24 hours of Appellant's arrest. Appellant alleged that Defendants' refusal to apply for a warrant within 24 hours violated Missouri State Statute Section 544.170 and was intended to defeat the purpose of the statute by allowing the police to conduct an investigatory arrest. Appellant additionally alleged that he would be irreparably harmed if Defendants testified against him in support of a future application for a warrant or in a criminal proceeding. Appellant further *747 sought a temporary restraining order and an injunction to bar Defendants from offering testimony in support of a future arrest warrant for Appellant.
Defendants moved to dismiss the petition, arguing that Appellant's petition lacked the specificity required by Rule 92.02 and failed to state a claim for injunctive relief. The trial court dismissed Appellant's petition with prejudice. This appeal follows.
Discussion
Though the parties do not raise it, we must as an initial matter determine our authority to render a judgment in this particular case. See Schweich v. Nixon, 408 S.W.3d 769, 774 n.5 (Mo. banc 2013) (discussing questions of "subject matter jurisdiction" are actually questions of "authority to render judgment in a particular case" in light of J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009) ). Specifically, a plaintiff must establish standing to sue prior to any determination on the merits. Id. (citing cases). Because standing relates to the court's authority to render a judgment, standing cannot be waived. Pub. Commc'ns Servs., Inc. v. Simmons, 409 S.W.3d 538, 546 n.3 (Mo. App. W.D. 2013) (noting court's obligation to consider standing sua sponte ). Thus, we must first consider whether Appellant has standing to seek injunctive relief in the present case. We conclude he does not.
Generally, regarding standing, "[t]he issue is whether [the] plaintiff has a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief." Schweich, 408 S.W.3d at 775. In cases seeking injunctive relief, the question of standing "obviously shade[s] into [considerations] determining whether the complaint states a sound basis for equitable relief." City of Los Angeles v. Lyons, 461 U.S. 95, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). This is because to obtain injunctive relief, a plaintiff "must demonstrate that: (1) he or she has no adequate remedy at law; and (2) irreparable harm will result if the injunction is not granted." Beauchamp v. Monarch Fire Prot. Dist., 471 S.W.3d 805, 813 (Mo. App. E.D. 2015). Thus, whether Appellant has standing and whether Appellant has stated a claim for injunctive relief are similar in that they are both concerned with the extent to which Appellant is suffering harm addressable through an injunction.
The United States Supreme Court has analyzed standing in the similar context of a suit for injunctive relief against police officers failing to seek probable cause determinations after warrantless arrests in County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). The Supreme Court had previously held that a warrantless arrest is permissible, but the Fourth Amendment requires "a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest." Id. at 47, 111 S.Ct. 1661 (discussing Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) ). The Court set out in Riverside to define "prompt," and determined "as a general matter" that 48 hours constituted prompt review. Id. at 47, 56, 111 S.Ct. 1661.
In Riverside, the plaintiff (McLaughlin) had filed a suit for injunctive relief on behalf of himself and a class of all others similarly situated. Id. at 48, 111 S.Ct. 1661. He alleged that he was currently incarcerated without any determination of probable cause for his arrest, and he sought an order requiring police to promptly seek a probable cause determination for all such persons arrested without warrants. Id. The Supreme Court first considered standing, noting that the plaintiffs alleged "a direct and current injury as a result of this detention, *748 and would continue to suffer that injury until they received the probable cause determination to which they were entitled." Id. at 51, 111 S.Ct. 1661. The Court noted that because the plaintiffs alleged they were incarcerated, their injury "was at that moment capable of being redressed through injunctive relief." Id. The Court further noted that even though the named plaintiffs had since been either released or obtained a probable cause determination, because they had obtained class certification, they had preserved the merits of the controversy for judicial review. Id.
Conversely, here, Appellant did not allege that he was currently incarcerated. He alleged the officers failed to seek a warrant within 24 hours as required by Section 544.170, RSMo., which states as follows:
All persons arrested and confined ... without warrant or other process ... shall be discharged from said custody within twenty-four hours from the time of such arrest, unless they shall be charged with a criminal offense by the oath of some credible person, and be held by warrant to answer to such offense.
Section 544.170.1, RSMo. Under this statute, Appellant should have been discharged from custody after 24 hours if Appellant was not charged with a crime, and Appellant did not allege he was not discharged. Thus, Appellant failed to allege a direct and ongoing injury that an injunction would have remedied.
Appellant's case is more analogous to City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). There, the plaintiff (Lyons) had been arrested, and the arresting officers seized him and applied a "chokehold," which damaged his larynx and rendered him unconscious. 461 U.S. at 97-98, 103 S.Ct. 1660. Among other things, Lyons sought an injunction against any future use of such chokeholds absent a threat of immediate use of deadly force. Id. at 98, 103 S.Ct. 1660. The United States Supreme Court found that "Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of chokeholds by police officers." Id. at 105, 103 S.Ct. 1660. The Court concluded that while Lyons may have standing to sue for damages, there was no "real and immediate threat he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him...." Id. Thus, the Supreme Court found Lyons lacked standing to sue for injunctive relief. Id. at 113, 103 S.Ct. 1660.
Similarly, here, Appellant has failed to establish there is a likelihood that he will again be arrested without a warrant, much less that he will at any point be held in custody without a prompt probable cause determination. In fact, there is nothing in Appellant's petition to suggest that Appellant was not released from custody within 24 hours in accordance with Section 544.170.1, RSMo.
Appellant argues that he will suffer future harm regardless of whether he remained incarcerated because Defendants never sought a probable cause determination for his warrantless arrest. He argues therefore that any future attempt to seek a warrant to arrest him is tainted by information gained during this initial warrantless arrest that was never promptly presented for judicial review to determine probable cause. We find Appellant's conclusions are speculative and do not constitute an imminent threat of future injury to Appellant. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (injury must be "actual or imminent, not conjectural or hypothetical,"
*749 and it "must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (internal quotations omitted) ). He makes no allegation that he has been or will be re-arrested without a warrant for the same offense.
Moreover, Appellant's argument that the requirement to seek a warrant applies even after he is released from custody is unpersuasive. Relying on Riverside, where the United States Supreme Court held that a probable cause determination "within 48 hours of arrest will, as a general matter, comply with the promptness requirement," Appellant concludes because he has alleged Defendants failed to apply for a warrant, he suffers continuing harm from the lack of a probable cause determination regardless of whether he is currently incarcerated. However, the Riverside court was explicit that the promptness requirement applies regarding "an extended pretrial detention following a warrantless arrest." 500 U.S. at 47, 111 S.Ct. 1661 (emphasis added).[1] Neither Riverside nor any case cited by Appellant considered a situation in which a plaintiff was no longer in custody, and none of the cases hold the promptness requirement applies to an arrestee who has been released from custody without an extended detention. We decline to do so here.
Warrantless felony arrests often occur in Missouri when a police officer observes a crime take place or after a police officer arrives on a crime scene. The police officer books the suspect, and jail personnel release the suspect within 24 hours if the prosecuting attorney does not file criminal charges.[2] The arresting police officer often later obtains an arrest warrant after the prosecuting attorney issues a criminal charge against the suspect, sometimes several months later. The police will then re-arrest the suspect, with a warrant, for the criminal charges the suspect allegedly committed several months earlier. No Missouri court has ever determined that this process is unconstitutional. Nor will we here.
To the extent Appellant argues that he suffered harm for the 24-hour period of his warrantless detention, Appellant claims a past harm, rather than an ongoing harm. As we have said, there is no allegation he is currently in custody and the threat of a future arrest without a warrant is speculative at best.[3] Thus, there is no immediate or prospective consequential relief that an injunction would offer him.[4] See Lyons, 461 U.S. at 103, 103 S.Ct. 1660. Similarly, there is no showing that irreparable harm would result if an injunction does not issue. See Beauchamp, 471 S.W.3d at 813.
Under the circumstances, we find Appellant does not have standing to seek *750 equitable relief. The trial court properly dismissed his petition as the court was without authority to render a judgment in this particular case. See Schweich, 408 S.W.3d at 774.
Conclusion
The trial court properly dismissed Appellant's petition. However, because we have concluded the dismissal is due to a lack of standing, we modify the dismissal to be without prejudice, rather than with prejudice. See Friends of San Luis, Inc. v. Archdiocese of St. Louis, 312 S.W.3d 476, 482 n.12, 485 (Mo. App. E.D. 2010). We affirm the judgment of the trial court as modified.
Robert M. Clayton III, J., concur.
Angela T. Quigless, J., concur.

The Supreme Court did not define extended, but certainly 24 hours cannot be extended where 48 hours is "prompt."

We note the procedure is slightly different for felony and misdemeanor offenses. Appellant's petition failed to include any facts regarding the circumstances of his arrest or the offense(s) for which he was arrested. At oral argument, Appellant's counsel stated that Appellant was arrested for a felony drug offense.

Moreover, Appellant's petition is overbroad in that it seeks to enjoin testimony in favor of probable cause for any future arrest of Appellant, whether or not it is related to the original arrest.

We note Lyons' dicta that states are free to "permit their courts to use injunctions to oversee the conduct of law enforcement authorities on a continuing basis," 461 U.S. at 113, 103 S.Ct. 1660, but we find no Missouri authority holding that the standing doctrine regarding injunctive relief against law enforcement is any broader than how federal courts view standing.