

# Missouri Court of Appeals
## Southern District

### Division One

FOUR STAR ENTERPRISES
EQUIPMENT, INC., and RGH, LLC,

       Plaintiffs-
       Appellants/Respondents,

v.

EMPLOYERS MUTUAL CASUALTY
COMPANY,

       Defendant-
       Respondent/Cross-Appellant.

Nos. SD36906 & SD36908
Filed: July 14, 2022

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason Brown, Circuit Judge

### **VACATED AND REMANDED WITH DIRECTIONS**

This appeal and cross-appeal arise from a judgment entered by the trial court in favor of plaintiff Four Star Enterprises Equipment, Inc. (Four Star) against defendant Employers Mutual Casualty Company (EMC), based upon its statutory surety bond issued pursuant to § 107.170.[1] Four Star and co-plaintiff RGH, LLC (RGH) filed a joint appellants' brief. In the first and second points, Four Star challenges the calculation of the

---

[1] All statutory references are to RSMo (2000), unless otherwise specified. All rule references are to Missouri Court Rules (2021).

judgment balance. In the third point, RGH challenges its dismissal from the case based upon the application of the five-year statute of limitations in § 516.120.

EMC's cross-appeal presents four points for decision. Point 1 challenges Four Star's standing and capacity to sue because of its merger with another company. Point 2 challenges Four Star's standing and capacity to sue because it assigned all of its rights and interests in this claim to RGH. Point 3 challenges the award of interest to Four Star. Point 4 contends that EMC, as surety, had the right to assert the defenses of fraud and collusion.

The outcome of this appeal is controlled by our disposition of RGH's point challenging its dismissal and EMC's second point challenging Four Star's standing because Four Star assigned its entire claim to RGH. Therefore, we will only address the merits of these two points.

*Underlying Case and Prior Appeal*

Between 1996 and 1997, D&E Plumbing and Heating, Inc. (D&E) was the general contractor overseeing construction of the Plainview Road Improvements Program on U.S. 160 to Farm Road 141 (hereinafter the Road Project). EMC furnished the statutory payment bond for D&E's contracting work, including the Road Project, between 1995 and 1997. D&E hired T&T Construction (T&T) to work as a subcontractor on the Road Project. In September 1996, T&T rented equipment, purportedly for the Road Project, from Four Star. The terms of the rental contract: (1) set out the daily, weekly and monthly rates to rent the equipment; (2) required payment as "Net 30" with an additional 1.5% per month on overdue amounts; (3) required the lessee to pay the resulting invoice or replacement costs; (4) included a signature box for the "Lessee/Authorized Agent"; and (5) identified T&T as the lessee, with delivery of equipment to "Weaver Rd & Plainview Rd."

2

In May 1997, Four Star filed suit against D&E, T&T, and EMC for failing to pay for T&T's rented equipment. While that case was pending, Four Star was purchased by, and merged with, U.S. Rentals, Inc. As a part of that transaction, Four Star assigned all of its bad debts and the rights to all of its then existing legal claims to RGH. The assignment, which was dated June 1, 1999, stated that "Four Star Enterprises Equipment, Inc., hereby sells, grants, conveys and transfers unto RGH, L.L.C., all the bad debts, related claims, receivables, judgments, and all rights thereto, and all documents and records relating to the accounts, claims and judgments identified in the attached Exhibit 'A.'" The attached exhibit listed more than 70 different accounts or judgments, including a claim labeled "Four Star v. T & T Construction[.]" On November 16, 2005, Four Star obtained default judgment against T&T. Two days later, it dismissed its claims against D&E and EMC.

In September 2006, Four Star and RGH filed suit against EMC. In two counts, the petition alleged that: (1) EMC was obligated under its bond to pay Four Star and RGH the default judgment principal, pre-judgment and post-judgment interest, along with costs and attorney fees; and (2) EMC's refusal to pay was vexatious, rendering it liable for interest, penalties, and attorney fees. A copy of the surety bond was attached to the petition and marked as Exhibit A. This $1,973,102.55 contract bond, issued pursuant to § 107.170, was between D&E as principal and EMC as surety. The bond promised to pay if the principal failed to fulfill all conditions of the contract, including paying for equipment used in connection with the construction project.

In separate motions to dismiss, EMC asserted that: (1) Four Star lacked standing because it assigned its entire claim to RGH; and (2) RGH's claim was barred by the five-year statute of limitations, § 516.120.

3

The trial court ruled in favor of EMC, but it did so after retroactively excluding evidence admitted and relied on by Four Star and RGH during trial. On appeal, we decided that the trial court's ruling was an abuse of discretion. *Four Star Enters. Equip., Inc. v. Emp'rs Mut. Cas. Co.*, 451 S.W.3d 776, 782-83 (Mo. App. 2014). We reversed because of the error. *Id*. On remand, the trial court was instructed that, if the evidence proffered by Four Star and RGH was properly excluded, they should be given a chance to offer additional evidence. *Id*. In June 2015, the trial court issued an order reaffirming its ruling to exclude the evidence and giving Four Star and RGH an opportunity to offer additional evidence in support of the claim.

In November 2018, Four Star and RGH filed a motion for summary judgment. On July 2, 2019, the trial court granted summary judgment, only as to Count 1. In November 2019, EMC appealed the judgment. We dismissed the appeal because only one count of the petition had been decided, so there was no final judgment.

On April 17, 2020, Four Star and RGH voluntarily dismissed Count 2 without prejudice. A few days later, EMC filed a motion to set aside the summary judgment pursuant to Rule 74.06(b) based on excusable neglect, and a motion to grant an extension to respond to the summary judgment motion out of time. After conducting an evidentiary hearing and reviewing the parties' suggestions, the trial court granted both requests on May 14, 2020.[2] On May 29, 2020, EMC filed its timely response in opposition to Four Star and RGH's motion for summary judgment and paid the attorney-fee award to Four Star and RGH. In June 2020, EMC filed its own summary judgment motion.

---

[2] The trial court's ruling contained two conditions: (1) EMC had to submit its summary judgment response within 15 days; and (2) it had to remit $5,000 to Four Star and RGH to cover attorney fees caused by the delay.

4

On August 12, 2020, the trial court entered its judgment. The court did not grant either motion for summary judgment. Instead, after reviewing both motions, the court decided that no genuine issue of material fact precluded it from making factual findings and legal conclusions that were sufficient to address all claims.[3] Citing our decision in **State ex rel. Griffin v. R.L. Persons Constr., Inc.**, 193 S.W.3d. 424, 429 (Mo. App. 2006), the court applied the five-year statute of limitations in § 516.120 and dismissed RGH from the case on the ground that its claim was time-barred. The court entered judgment in favor of Four Star and against EMC for $18,873.18, plus 18% interest "after 2/21/1997" until paid in full, and court costs.

Both parties submitted motions to amend the judgment and alternative motions for a new trial. The trial court denied those motions on November 10, 2020. EMC filed a timely notice of appeal. Four Star and RGH filed a timely notice of cross-appeal.

*Four Star and RGH's Motion to Determine Jurisdiction*

Four Star and RGH filed a motion, which was taken with the case, asking this Court to determine whether it has jurisdiction over this appeal. They argue that: (1) the July 2, 2019 summary judgment became final when Count 2 was dismissed on April 17, 2020; (2) the trial court lacked the authority to set aside the July 2, 2019 ruling; and (3) the August 12, 2020 judgment is void and cannot be appealed. We disagree.

The July 2, 2019 ruling only decided the issues raised in Count 1 of the petition. The other issues in the case remained pending until the voluntary dismissal of Count 2 on April 17, 2020. *See Wilson v. City of St. Louis*, 600 S.W.3d 763, 771 (Mo. banc 2020);

---

[3] On appeal, no party has raised either a procedural challenge to the trial court deciding the facts without conducting a trial, or a substantive challenge to the evidentiary support for the facts found. Therefore, we will not address this aspect of the case any further.

***Stewart v. Liberty Mut. Fire Ins. Co.***, 349 S.W.3d 381, 384 (Mo. App. 2011). Once that voluntary dismissal was filed, it started the 30-day period to file after-trial motions. *See* ***BV Capital, LLC v. Larry Hughes***, 437 S.W.3d 391, 392 (Mo. App. 2014); Rule 81.05(a)(1).

When an authorized after-trial motion is timely filed, the trial court's authority to modify the judgment continues for up to 90 days. *See* ***Heifetz v. Apex Clayton, Inc.***, 554 S.W.3d 389, 393 (Mo. banc 2018); ***Cupit v. Dry Basement, Inc.***, 592 S.W.3d 417, 424 (Mo. App. 2020); Rule 78.06. A Rule 74.06(b) motion alleging excusable neglect is an authorized after-trial motion if it is filed within the allotted 30-day time period. *See* ***Taylor v. United Parcel Serv., Inc.***, 854 S.W.2d 390, 392 n.1 (Mo. banc 1993); ***Citimortgage, Inc. v. Waggoner***, 440 S.W.3d 589, 590-91 (Mo. App. 2014); ***The Bank v. Lessley***, 240 S.W.3d 739, 741 (Mo. App. 2007); Rule 78.04; Rule 81.05(a)(1).

EMC filed a motion to set aside the summary judgment pursuant to Rule 74.06(b), based on excusable neglect, on April 21, 2020. The timely filing of this motion extended the trial court's authority over the judgment for up to 90 days. *See* Rule 81.05(a). The trial court granted the motion on May 14, 2020, if EMC met two conditions. Both conditions were met within the time permitted. The July 2, 2019 grant of summary judgment was set aside as of May 29, 2020. The trial court had the authority to do so because its ruling occurred within the 90-day period for granting relief based upon an authorized after-trial motion. *See* ***Citimortgage***, 440 S.W.3d at 591; Rule 81.05(a)(2). Therefore, we have jurisdiction to decide the appeals before us on the merits.

*EMC's Point Challenging Four Star's Standing*

In Point 2 of EMC's brief, EMC contends Four Star lacks standing because it assigned all of its interests and rights in the "Four Star v. T & T Construction" case to RGH

6

on June 1, 1999. EMC argues that Four Star lacks standing to bring the instant action because of that assignment.

Because standing is required to give a court the authority to address substantive issues, it is a threshold issue we must consider. *Byrne & Jones Enterprises, Inc. v. Monroe City R-1 Sch. Dist.*, 493 S.W.3d 847, 851 (Mo. banc 2016); *S.C. v. Juvenile Officer*, 474 S.W.3d 160, 163 (Mo. banc 2015); *Foster v. Dunklin Cnty.*, 641 S.W.3d 421, 423 (Mo. App. 2022). Thus, we have a duty to determine whether Four Star had standing prior to addressing the substantive issues raised in its brief. *See CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012). "Because standing relates to the court's authority to render a judgment, standing cannot be waived." *Eaton v. Doe*, 563 S.W.3d 745, 747 (Mo. App. 2018); *see also Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002) (lack of standing cannot be waived). A challenge to standing may be raised at any time, including *sua sponte* by an appellate court. *See Aufenkamp v. Grabill*, 112 S.W.3d 455, 458 (Mo. App. 2003). "A party's standing to sue is a question of law that we review *de novo* on appeal [and determine] on the basis of the petition, along with any other undisputed facts." *Stander v. Szabados*, 407 S.W.3d 73, 78 (Mo. App. 2013). A party has standing when it has: (1) an interest in the subject matter of the suit that gives it a right of recovery, if validated; or (2) a legally cognizable interest in the subject matter and a threatened or actual injury. *Empire Dist. Elec. Co. v. Coverdell*, 484 S.W.3d 1, 19 (Mo. App. 2015); *Cook v. Cook*, 143 S.W.3d 709, 711 (Mo. App. 2004).

The relevant question here is whether, after the complete assignment to RGH, Four Star still had an interest in this bond suit that gave it a right of recovery. We agree with EMC that Four Star no longer had such an interest and, therefore, lacked standing.

7

Because of the assignment, Four Star no longer owned the rights to its statutory surety-bond claim against EMC. The assignment vested RGH, the assignee, with all the right, title and interest in that claim.[4] "If a claim is 'assigned,' the assignor gives all the rights of the matter to the assignee, such that [a plaintiff] that is 'assigned' a claim receives legal title to the claim." *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 440 (Mo. banc 2013). Missouri case law is very clear, "[i]f a claim has been assigned, there is a complete divestment of all rights from the assignor and the vesting of those rights in the assignee." *Hagar v. Wright Tire & Appliance, Inc.*, 33 S.W.3d 605, 610 (Mo. App. 2000) (quoting *Klein v. General Elec. Co.*, 714 S.W.2d 896, 902 (Mo. App. 1986). Based on the assignment, RGH held legal title to the default judgment and the potential bond claim against EMC, so it could pursue recovery against EMC. *See Roberts*, 391 S.W.3d at 440. That was no longer true of Four Star. When a party assigns its rights and interests in an asset or claim, the assignor can no longer be the real party in interest for maintaining or instituting a civil action over the thing assigned; thus, such assignor thereafter lacks standing to sue as to the thing assigned. *Skaggs Reg'l Med. Ctr. v. Powers*, 419 S.W.3d 920, 921 (Mo. App. 2014). EMC's second point is granted.

*RGH's Point Involving Statute of Limitations*

In Point 3 of Four Star and RGH's joint appellants' brief, RGH contends the trial court erred by dismissing RGH from the case based on the erroneous application of the

---

[4] Standing is a prudential principle, rather than a jurisdictional one. *See Schweich v. Nixon*, 408 S.W.3d 769, 774 (Mo. banc 2013); *Rideout v. Koster*, 439 S.W.3d 772, 774 n.5 (Mo. App. 2014). That issue was not raised during the pendency of the T&T case, so the assignment from Four Star vested RGH with all right, title and interest in the default judgment once it became final and was not appealed. Accordingly, RGH has standing to pursue the statutory surety-bond claim against EMC by virtue of the assignment.

8

five-year statute of limitations in § 516.120 to RGH's action to recover on EMC's statutory surety bond. RGH argues that the trial court should have applied the 10-year statute of limitations in § 516.110. We agree.

EMC's bond was issued pursuant to § 107.170. Insofar as relevant here, this statute applies to contracts for public works, costing more than $50,000, that are performed for a public entity like Greene County. *See* § 107.170.1-.2 RSMo Cum. Supp. (2019).[5] Every contractor performing such work is required to furnish to the public entity a surety bond in the amount fixed by that entity, and the bond must cover work performed by a subcontract. § 107.170.1-.2. Providing a bond pursuant to § 107.170 precludes the filing of a Chapter 429 mechanic's lien by any subcontractor or supplier. § 107.170.7.

The suit brought by Four Star against subcontractor T&T was a routine breach-of-contract action alleging failure to pay for rented equipment. The suit brought by Four Star and RGH against EMC was to collect the unpaid equipment rental fees from EMC, based on its promise in writing to pay such sums if the principal did not do so.

In relevant part, § 516.110(1) establishes a 10-year statute of limitations for "[a]n action upon any writing, whether sealed or unsealed, for the payment of money or property[.]" *Id*. In ***Harris v. Mortg. Prof'ls, Inc.***, 781 F.3d 946 (8th Cir. 2015), the Eighth Circuit declined to follow ***Griffin*** in an action to recover on a statutory mortgage bond. Instead, the Court applied the Missouri 10-year statute of limitations in § 516.110:

> The Supreme Court of Missouri held that an action on a statutorily-required bond is upon a writing for the payment of money, thus subject to the ten-year statute. *Martin v. Knapp*, 45 Mo. 48, 50-51 (1869) (applying ten-year statute to administrator's bond required by §§ 17-18 RSMo 1855, vol. I, at 115-16). *See also State ex rel. Enter. Milling Co. v. Brown*, 208 Mo. 613, 106 S.W. 630, 632 (1907) (following *Martin* and uniformly applying the ten-year statute to an attachment bond); *Missouri, K. & T. Ry. Co. v. Am.*

---

[5] When the D&E contract was signed, the minimum contract amount was $25,000.

*Sur. Co. of N.Y.*, 291 Mo. 92, 236 S.W. 657, 663-64 (1921) (applying the ten-year statute to an indemnity bond). *See generally Johnson v. State Mut. Life Assur. Co. of Am.*, 942 F.2d 1260, 1263 (8th Cir. 1991) (en banc) (acknowledging broad interpretation of Missouri's ten-year statute for bonds); *Hughes Dev. Co. v. Omega Realty Co.*, 951 S.W.2d 615, 616-17 (Mo. banc 1997) (recounting the history of § 516.110(1) since 1835).

**Harris**, 781 F.3d at 948-49. This quotation accurately summarizes Missouri law on this issue, and we are constitutionally required to follow these controlling decisions from our Supreme Court. *See* MO. CONST. art. V, § 2; **Potter v. Hy-Vee, Inc.**, 560 S.W.3d 598, 605 (Mo. App. 2018).

Our conclusion also is supported by venerable authority. In **Miner v. Howard**, 67 S.W. 692 (Mo. App. 1902), Howard was hired to dig a well for the city of Bethany. He provided a $1,000 bond, conditioned in part on his promise to pay for the labor and materials used in the project. **Id**. at 693. Miner brought an action to recover on the contractor's bond for materials he provided to Howard. The Kansas City Court of Appeals held that the 10-year statute of limitations applied to Miner's action:

> [Howard's] bond is an obligation entered into with the laborers and materialmen as well as the city of Bethany. After the execution of the bond, the promise to pay the laborers and materialmen did not rest alone on the mere account between such persons and Howard. For by that instrument, there arose a promise to pay for the labor and material; and it is therefore not true, as contended by defendants, that the claim for the material in controversy was barred, because more than five years allowed for actions on accounts had elapsed. This is an action on the bond, and it is no more barred than if a note had been given by Howard for the material, with these defendants as sureties. The fact that the sum to be paid was not ascertained when the bond was executed and therefore not named therein, does not prevent the application of the statute.

**Id**. In 1991, this Court relied on **Miner** in holding that § 516.110 "is the statute of limitation that is applicable to actions on surety bonds." **Frank Powell Lumber Co. v. Fed. Ins. Co.**, 817 S.W.2d 648, 652-53 (Mo. App. 1991).

10

The trial court's reliance on *Griffin*, 193 S.W.3d. at 429, was misplaced. In *Griffin*, the plaintiff brought his action against the employer and the bonding company to recover damages based on the Prevailing Wage Act, §§ 290.210-.340 (PWA). *Griffin*, 193 S.W.3d at 425-26. This act authorizes a private penalty of double the difference between what the worker was paid and what he/she should have been paid pursuant to the PWA. *Id*. at 428. Because of this private penalty, we held that the applicable statute of limitations was three years because § 516.400 applies to "[a]ll actions upon any statute for any penalty or forfeiture, given in whole or in part to the party aggrieved[.]" § 516.400; *Griffin*, 193 S.W.3d at 429.

In the case at bar, the claim is based on an ordinary breach of contract for failing to pay for equipment rented for a public works project. Neither the PWA nor any other private-penalty statute play any role in the resolution of that issue. Therefore, *Griffin* has no application to RGH's claim against EMC.

*Miner* did not involve a prevailing-wage or other statutory private-penalty issue, and it correctly applied the 10-year statute of limitations to an action to recover on a surety bond for materials provided for a public works construction contract. *See Miner*, 67 S.W. at 693. RGH's action against EMC was timely because it was commenced within 10 years after the equipment was provided for the project. Therefore, the trial court erred by applying § 516.120 to RGH's claim and dismissing RGH from the lawsuit. RGH's point is granted.

*Conclusion*

Having determined that Four Star lacked standing to bring this action against EMC and that RGH's action against EMC is not time-barred, we remand the case with the following directions. The trial court is first directed to vacate the judgment in favor of Four

11

Star and to dismiss its claim without prejudice.  *See* **Schweich v. Nixon**, 408 S.W.3d 769, 779 (Mo. banc 2013) (holding that lack of standing does not implicate a claim's merits and that dismissal without prejudice is appropriate); **Foster**, 641 S.W.3d at 424 (dismissal without prejudice is required when a plaintiff lacks standing).  The trial court is next directed to vacate the dismissal of RGH based on the application of § 516.120.  Thereafter, the trial court shall conduct further proceedings consistent with this opinion.

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR